### · LEON HEIGEL v. WICHITA COUNTY.

#### No. 7279.

1. **Counties not Liable for Defective Bridges.** — A county is not liable for injuries caused by a defective bridge. Such liability does not exist at common law or by statute.

2. **Counties as Corporations.**—Counties are not corporations in the fullest sense of that term. They are commonly called quasi corporations. They are created by the State for the purpose of government. Their functions are political and administrative, and their powers are rather duties imposed than privileges granted.

APPEAL from Wichita. Tried below before Hon. P. M. STINE. No statement is necessary.

*Cobb & Boyd*, for appellant.—1. Counties in Texas are municipal corporations, and as such may sue and be sued (Rev. Stats., art. 676); and have power, and it is made their duty, to build bridges and keep the same in repair. Rev. Stats., art. 1514, sec. 4.

2. Counties of Texas may be held liable for personal injuries when injuries result from the negligence of officials or agents exercising powers over matters which in a restricted sense are public, yet more directly affect the welfare and pecuniary interest of the inhabitants of the quasi corporation. City of Galveston v. Posnainsky, 62 Texas, 118; 1 Thomp. on Neg., pp. 618, 619.

*Ashby S. James*, for appellee.—No recovery can be had on a cause of action for an injury resulting from neglect of the public officers of a

subdivision of the State, if created solely for public purposes, by a general law applicable to all such subdivisions, even though such subdivision may be given a quasi corporate existence. City of Galveston v. Posnainsky, 62 Texas, 118; Thomp. on Neg., 731–768; Dill. on Mun. Corp., 764.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover of Wichita County damages for personal injuries caused by a defective bridge. A demurrer was sustained to the petition, and the plaintiff having declined to amend, the suit was dismissed.

The question presented seems not to have been authoritatively decided in this court, though in The City of Galveston v. Posnainsky, 62 Texas, 118, it is held, that a city is liable under similar circumstances. But the opinion in that case recognizes the doctrine that a different rule applies as to counties. That cities may be made to respond in damages for injuries resulting from a failure to discharge their corporate duties, is affirmed by the courts of this country with practical unanimity. At the same time it is very generally held, that counties are not liable for similar injuries unless such liability be created by statute, either by express words or by necessary implication. The latter doctrine has been applied in the following cases: Marven v. Leicester, 9 Mass., 247; Askew v. Hale Company, 54 Ala., 639; Haygood v. The Justices, 20 Ga., 845; White v. County of Bond, 58 Ill., 297; White v. Commissioners, 90 N. C., 437; Branham v. The Board, 54 Miss., 363; Reardon v. The County, 36 Mo., 555; Commissioners v. Riggs, 24 Kans., 255; Wood v. Commissioners, 10 Neb., 552; Livermore v. The Board, 5 Dutcher (N. J.), 245; Wood v. Tipton County, 7 Baxter (Tenn.), 112; Barnett v. The County, 67 Cal., 77; Bartlett v. Crozier, 17 Johns., 439; Fry v. County of Albemarle, 86 Va., 195; Mitchell v. Rockland, 52 Me., 118; Eastman v. Meredith, 36 N. H., 284; Detroit v. Blakey, 21 Mich., 84; Granger v. County, 26 Ark., 37. Many of these cases approve former rulings in the same court, and show a well established rule of decision in the courts in which they were delivered. The contrary doctrine has been held in the courts indicated by the following cases: Pritchett v. The Board, 85 Ind., 68; Huff v. Powesheik, 60 Iowa, 529; Eyler v. Commissioners, 49 Md., 257; Regeny v. County, 103 Pa. St., 382. In Iowa, counties are held liable for injuries incurred by defects in bridges; but in Hardin v. County (5 N. W. Rep., 589), it was decided by the Supreme Court of that State that no recovery could be had against a county for injuries received by reason of the negligent construction of a court house. In that case the court say: "But as the line of decisions in this State as to the liability for defective bridges stands almost if not quite alone, as we have seen, we have no disposition to carry the doctrine further than is necessary to sustain the decisions of the court, which have stood so long that it may truthfully be said that

they have the implied sanction of the law-making power and the people of the State." See, also, 2 Dill. on Mun. Corp., sec. 963; 4 Am. and Eng. Encyc. of Law, 364.

It is apparent from the above citations that there is an overwhelming weight of authority in favor of the proposition that counties as a rule are not liable at common law for injuries resulting from the negligence of their officers or agents. The grounds upon which the decisions are placed are not uniform. Counties are not corporations in the fullest sense of that term. They are commonly called quasi corporations. They are created by the State for the purposes of government; their functions are political and administrative, and the powers conferred upon them are rather duties imposed than privileges granted. Cities, on the other hand, are deemed voluntary corporations; and while they exercise political functions, it is considered that their charters are granted not so much with a view to the interests of the public as for the private advantage of their citizens. It is upon this distinction that the courts ordinarily base the difference in the rule of liability as applied to municipal corporations proper and to quasi municipal corporations such as counties and townships. Other courts hold, that since a county is but a political subdivision of the State, a suit against the county is in effect a suit against the State; and that therefore an action will not lie without the consent of the Legislature. But upon whatever ground it should be placed, it is fairly well settled that in cases like this cities are liable and counties are not; and we therefore feel constrained by the authorities to hold, that the petition under consideration showed no cause of action against Wichita County.

The judgment is affirmed.

*Affirmed.*

Delivered April 22, 1892.