## J. U. NUSSBAUM v. BELL COUNTY ET AL.

### No. 1234. Decided October 29, 1903.

**1.—County—Public Road—Damaging Private Property.**

Property may be taken or damaged by counties for public use in establishing and maintaining public roads, and the authority thus given embraces the making of ditches and drains (Batts' Rev. Stats., arts. 4745, 4757, 4769, 4776, 4782, 4784, note 13,864); and where this authority is properly exercised a county may be made liable for the damage thereby caused to private property (Const., art. 1, sec. 17). (Pp. 91, 92.)

**2.—Same—Injunction.**

Where a road, with its ditches and drains, is constructed for the county, in the exercise of lawful authority, the owner of property taken or damaged is compensated and the county acquires the right to apply the property to public use; in such case, neither the county nor the officers acting for it can be enjoined from the continuance of such use; nor can the officers, if they have properly exercised the authority granted, be made liable to compensate the owner for his damages. In cases not falling within the above class, the county is not responsible, but the person through whose wrong or neglect the damage occurred may be. (P. 92.)

**3.—Same—Pleading—Public Road.**

See opinion for details of a petition held not to show a case for injunction or damages, either against a county or its officers constructing a road alleged to have injured plaintiff's land by ditches diverting the flow of surface water upon it, the pleader failing to show whether same was or was not a public road. (Pp. 88-92.)

Questions certified from Court of Civil Appeals for Third District in an appeal from Bell County.

*W. S. Banks* and *H. G. Wagner,* for appellant.—Though the owner of the dominant estate may have the right to increase or accelerate the flow of surface water upon the servient estate, he can not by artificial means or through new channels made by him divert the water from its natural course and collect and discharge it upon the servient estate at a different place; nor through artificial means divert to and discharge upon the servient estate waters that would otherwise by natural channels be carried away from said estate. While a municipal corporation, either city or county, has a right to drain or grade its highways, it must do so with due regard to the property rights of abutting owners and in a manner not to injure their property. City of Houston v. Bryan, 2 Texas Civ. App., 553; Galveston H. & S. A. Ry. Co. v. Tait, 63 Texas, 223; Gross v. City of Lampasas, 74 Texas, 195; Cooley on Torts, sec. 580; Graham v. Keene (Ill.), 32 N. E. Rep., 180; Jewett v. Sweet (Ill), 52 N. E. Rep., 962; Yerex v. Eineder, 86 Mich., 24; Rychlicki v. City of St. Louis, 98 Mo., 497; Pettigrew v. Evansville, 25 Wis., 223; Davis v. Londgreen, 8 Neb., 43; Gregory v. Bush, 64 Mich., 37; Rhoads v. Davidheiser, 133 Pa. St., 226.

Injunction is the proper remedy to prevent the overflow of or injury to lands by ditching of adjacent property. Galveston H. & S. A. Ry. Co. v. Tait, 63 Texas, 223; High on Injunctions, secs. 751, 809, 852; Graham v. Keene, 32 N. E. Rep., 180; Pettigrew v. Evansville, 25 Wis., 223; Davis v. Londgreen, 8 Neb., 43; Jewett v. Sweet (Ill.), 52 N. E. Rep., 962; Gregory v. Bush, 64 Mich., 37.

The damage and injury to plaintiff's lands being the direct result of collecting and discharging the water upon plaintiff's lands through the ditch dug and maintained by defendants was such taking or damaging of plaintiff's property as, under the Constitution of the State of Texas, is prohibited without due compensation to him, and entitles plaintiff to recover against defendants, including Bell County, the damage to his property resulting therefrom. Sec. 17, Bill of Rights, Constitution, 1876; Watkins v. Walker County, 18 Texas, 592; Hamilton County v. Garrett, 62 Texas, 602; Graham v. Keene, 32 N. E. Rep., 180.

*A. L. Curtis,* for appellee.—Counties, being mere auxiliaries of the State government, partake of the State immunity from liability. The State is not liable except by its own consent, and so the county is exempt from liability except such as is imposed expressly by statute. All the powers with which counties are intrusted are the powers of the State, and the duties imposed upon them are the duties of the State; and, inasmuch as the sovereign power is not amenable to individuals for neglect in the discharge of public duty and can not be sued for such neglect without express permission from the State itself, so counties and their agents are not liable for such negligence, and no action for damages arising therefrom can be maintained against any of them in the absence of an express statute imposing the liability and permitting the action. 7 Am. and Eng. Enc. of Law, 941; Madden v. Lancaster County, 65 Fed. Rep., 188; Crowell v. Sonoma County, 25 Cal., 313; Nutt v. Mills County, 61 Iowa, 754; Heigel v. Wichita County, 84 Texas, 392; Walton v. Travis County, 5 Texas Civ. App., 525; Floria v. Galveston County, 55 S. W. Rep., 540.

Commissioners courts of counties have authority to lay out, establish, change, ditch, grade and keep in repair all public roads and bridges in their respective counties. Rev. Stats., arts. 4756, 4757, 1537. And such County Commissioners Court of Bell County is a road commissioner. The ditch complained of in plaintiff's petition is shown to have been construed for many years and it is not shown to be necessary for Bell County to do or perform any act to maintain said ditch, and it is not alleged in plaintiff's petition what act could be done to prevent the maintenance of said ditch. And upon plaintiff's petition the court could not possibly enter a decree requiring Bell County to do any act or work that would prevent the maintenance of the same. Plaintiff's petition does not show what relief he desires, and this demurrer to it for that reason should have been sustained. The digging and construction of ditches and highways is done at the instance of the legislative and executive action of the commissioners court of the county. And such legislative and executive action can not be interfered with by writ of injunction or mandamus issuing out of another court. 16 Am. and Eng. Enc. of Law, 423; State v. Johnson, 4 Wall., 475; State v. Stanton, 6 Wall., 50.

The appellants in this case can have no remedy by injunction, because

it requires no act on the part of the county to maintain the ditch. He can have no remedy by mandamus, because it will only lie to require an officer to perform some duty required of him by statute about which he has no discretion. Bledsoe v. International & G. N. Ry. Co., 40 Texas, 537; 14 Am. and Eng. Enc. of Law, 158.

WILLIAMS, Associate Justice.—The following certificate comes before us from the Court of Civil Appeals for the Third District:

"This is a suit against Bell County and the county judge and other members of the commissioners court of that county. The plaintiff's petition, after giving the names and residences of the parties, and alleging plaintiff's ownership of 100 acres of land in Bell County, contains the following averments:

"'Upon said tract of land plaintiff had, at all the dates and times herein mentioned and prior thereto, established his home for himself and his family, he being the head of a family, having a wife and children, having upon said lands his residence, barns, lots, outhouses and other improvements, and also having for himself built thereon a tank for the purpose of catching and holding the natural rainfall water for the purpose of watering his stock of horses, cattle and other stock; such tank consisted of a dam across certain portions of said premises which according to the topography of said lands would catch and hold a reasonable supply of water for all plaintiff's stock and cattle, which said dam and tank were built by plaintiff at the cost of $500. That beginning on the north line of his said tract of land about the center of the north line, a little to the west of the center, there was a natural swag or drain that is fully capable of carrying off all the water that accumulated, and according to the natural topography of the surrounding lands, including the plaintiff's lands that would flow in the direction or across plaintiff's said lands carried there naturally by said drain or swag, across which plaintiff had built said tank; that said dam or tank had been maintained thereon for long years prior to 1897. That on or about the months of October or November, 1897, said defendants, that is said Bell County, and the said Humphries as county judge, and the other defendants herein named as county commissioners, acting together and totally regardless of plaintiff's rights and the damage to his said land and other damages that plaintiff would suffer thereby, did cause and have a certain ditch dug on the north side of plaintiff's said tract of land that diverted large quantities of water that would accumulate by the natural rainfalls and that otherwise would have passed off by the natural courses, and did divert said water, and direct across plaintiff's said premises so that large volumes and quantities of water that otherwise and in the absence of said ditch would have passed off in other directions by natural water flows so as not to flow across or damage plaintiff's lands, was conveyed, directed and carried so that the same passed directly through the swag and drain aforesaid, carrying the same into plaintiff's said tank and across his lands

and premises aforesaid. That in the year 1899, on or about the first day of July of said year, heavy rains fell and the waters resulting therefrom, that otherwise would have flown off through the natural water courses without injury to anyone, were carried and directed by said ditch so constructed by the said defendants directly across plaintiff's said lands and premises into his tank, destroying and tearing away said tank and utterly ruining the same, to plaintiff's damage $500, the value of said tank. And said waters, so carried by said ditch so wrongfully constructed by defendants, found their outlet in the extreme southeast corner of plaintiff's lands and washed a large ditch clear across plaintiff's premises. That on account of the manner and construction of the said ditch so constructed and dug by defendants, and on account of the same being so constructed, said ditch brings a large quantity and amount of' water upon plaintiff's premises that otherwise would flow in other directions according to the natural lay and drainage of the country, and which left to its natural flow, would not pass over plaintiff's lands, but would pass off to the east of the same. Said ditch has continuously increased in depth and size and continuously brings and empties upon the plaintiff's said lands and premises a large amount and increased amount of water, and said waters so brought by said ditch so constructed by said defendants empties upon said lands and premises of plaintiff and totally destroyed plaintiff's said tank and cut across plaintiff's said lands and premises a ditch ranging from five to forty feet deep, which ditch so cut across plaintiff's said lands and premises, divided said lands and premises into two parts so that said ditch can not be crossed without bridging the said ditch running across plaintiff's said lands, and has damaged plaintiff's said lands and premises to the amount of $2500.

" 'Plaintiff says that he has duly presented his claim and demand for the value of said tank and injury to his premises occasioned by said ditch to the County Commissioners Court of Bell County and asked that the same be approved and paid, but said court has refused to approve or pay the same and denies all responsibility and liability on the county, claiming that said Bell County is a political subdivision of the State of Texas and can not be held liable for damages of the character which this plaintiff has suffered. But plaintiff alleges that said county is responsible and liable to plaintiff for said damages, but if said county is not responsible, then the said F. C. Humphries, Felix Lancaster, N. B. Vernon, M. H. Shanklin and F. C. Stinson are each jointly and severally liable individually for causing said injuries and damages in the manner and form aforesaid. The plaintiff therefore prays that said defendants be duly cited to appear to answer this cause, and that he have judgment against said county and all other of said defendants for his damages, costs in court, and such other and further relief, in law and equity, as he may be entitled to.

" 'And plaintiff further alleges and represents to the court that said ditch running along said road and along the north side of plaintiff's

said land as dug as hereinafter mentioned, is a standing and continuing source of injury and damage to his lands and premises aforesaid, and that it continually drains and will drain, carry and conduct and divert large quantities of water on said lands and premises that would flow in other directions and entirely away from his lands, unless said ditch was maintained, and that said ditch running across his said lands and premises, resulting from said waters being diverted across his lands as aforesaid, will continue to grow in depth and width so as to continuously and greatly damage his said lands and premises to the extent of practically ruining and irreparably damaging and injuring the same, for which plaintiff has no full, complete or adequate remedy at law. Plaintiff alleges that said road runs from east to west along the north line of plaintiff's said premises. That west of plaintiff's premises is a creek which is the natural channel and source for carrying off the rainfall and water of the large portion of the adjacent lands. That between said creek on the west and the swag or drain across which plaintiff built his said tank is a slight ridge of higher ground that carries surface waters to the eastward to the said drain or swag, and that to the eastward of said drain or swag is another ridge of somewhat higher ground that carries the water to the westward to said drain, making a watershed or surface of approximately eighty acres that did, before said ditch was by defendants cut, empty its rainfall and waters through said drain or swag across plaintiff's premises and into plaintiff's said tank. That to the east of said swag across which plaintiff built his said tank at the distance of about one mile from said drain or swag, is also a creek or branch, and from said creek or branch the said ridge or high ground east of said drain or swag before mentioned is nearly a mile distant, said creek or branch being east of said ridge. That before defendants dug said ditch all the waters east of said ridge flowed off in and were carried off by said creek or branch, it being the natural escape for all the water east of said ridge. That said road runs to and crosses both said creeks, and along the south of said road defendants, over plaintiff's protests, dug said ditch from near the banks of said creek on the east to the drains or swags aforesaid, and in such manner and in such depth as to divert and carry all the water west of said creek directly so as to empty in and be carried off through said drain or swag directly through and across plaintiff's said premises. That by cutting said ditch where and in the manner that defendants did they diverted the waters from many hundreds of acres from its natural drainage on and across plaintiff's said premises down the drain or swag aforesaid. Plaintiff says that it was in no sense necessary or proper for the proper or economical maintenance of said road or its working or putting it in good shape or proper condition to have dug said ditch in the manner defendants did or to have diverted said waters across plaintiff's premises, but on the contrary said waters could and should have been carried to the eastward (from said ridge) according to the topography and natural lay of the lands to said branch

or creek, which was and is the natural outlet of all such waters, all of which could have been done, and can yet be done by defendants economically without injury or damage to anyone. Plaintiff says that the waters so diverted and carried by said ditch across said premises washed his tank away as aforesaid and to his damage aforesaid, and he can not, as long as said ditch remains to so divert and conduct said waters across said premises, maintain a tank there at a reasonable cost, because same will be continuously washed away. That said waters, diverted and conducted on and across his said premises as aforesaid by said ditch so dug by defendants, have washed a large ditch entirely across his premises aforesaid and damaged his said premises as aforesaid. That said ditch so dug by the defendants continues to be maintained by defendants and is yet and will remain and be a continuing damage and injury menace to plaintiff's said lands and premises, and will continue to damage and injure the same. And plaintiff says and represents to the court that the defendants will continue to maintain said ditch along said road and plaintiff's said lands as dug by defendants, and will continue thereby to divert to and upon and across plaintiff's said lands and premises, and continue to damage and injure the said lands and premises, unless restrained by the mandates and proper order of this court, and by proper mandate of the court be required to change said ditch so as to stop the diverting the flow of such waters.

" 'Wherefore, plaintiff prays that your honor will grant a writ of injunction and such other proper mandates requiring the defendant, said Bell County and its officers, and said commissioners, and the successors of all said commissioners and officers, to refrain from maintaining said ditch so that the same will conduct or divert such waters on the plaintiff's said lands and premises, and requiring them to change said ditch, so as to carry off all said waters according to the natural and original outlets therefrom and away from plaintiff's said lands and premises.

" 'And plaintiff prays for all such other and further orders, judgments, decrees and relief, special and general, in law and equity, as may be proper and necessary in the premises.'

"The defendants presented and the trial court sustained a general demurrer to the petition, and plaintiff has appealed, and, under proper assignments of error, presents the following questions of law for decision:

"1. Upon the facts alleged in the plaintiff's petition, was he entitled to an injunction as prayed for against the defendants?

"2. Upon the facts stated in the petition, was the plaintiff entitled to recover damages from the defendant, Bell County?"

Under our Constitution, "no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." Art. 1, sec. 17. Under statutory provisions, property may be taken or damaged by counties for public use in establishing and maintaining public

roads, and the authority thus given embraces the making of ditches and drains. Batts' Stats., arts. 4745, 4757, 4769, 4776, 4782, 4784, note 13,864. It is therefore true, as contended by appellant, that where this authority is properly exercised a county may be made liable for the damage thereby caused to private property. This would be a case in which liability is expressly imposed upon the county. Hamilton County v. Garrett, 62 Texas, 602; Wooldridge v. Eastland County, 70 Texas, 680; Watkins v. Walker County, 18 Texas, 592. Unless made liable on some such ground, counties are not responsible for damages caused by the neglects or wrongs committed by their officers. Heigel v. Wichita County, 84 Texas, 392. In the first class of cases that which is done is done for the county in the exercise of lawful authority. The owner of property taken or damaged is compensated and the county acquires the right to apply the property to public use. It is evident, therefore, that neither the county nor officers acting for it can be enjoined from the continuance of such use, when the right to apply the property to it has been acquired, and it is equally evident that such officers, if they have properly exercised the authority granted, can not be made liable for the "adequate compensation" to which the property owner is entitled. In the second class of cases the county is not responsible, but the person through whose wrong or neglect the damage occurred may be. It is impossible to see from the allegations of the petition to which class this case belongs. The individual defendants are alleged to have acted in their official capacities in cutting a ditch, but whether in establishing or working a public road which the county has laid out or was maintaining, is not stated. There are some casual references to a road, but no averment that it was a public one, nor of any facts showing that it was one which the county had undertaken or was bound to establish or maintain. The facts alleged are therefore insufficient to show a liability of the county to make compensation. If we undertake to ascertain the liability of the officers, the same uncertainty confronts us. The allegations leave it in doubt whether the case is one in which a liability should be declared against them or against the county. The petition does not aver facts to make both parties liable, with an alternative prayer, but so states the case that the court can not see which party, if either, is responsible. Should the court attempt to render judgment against either there would not be a sufficient basis in the pleading for its action. Oglesby's Sureties v. State, 73 Texas, 660. The defect is one of substance and was reached by general demurrer. This uncertainty is fatal to the prayer for injunction. The petition does not affirmatively show that the plaintiff is entitled to such relief, and if so, against what parties. Irrigation Ditch Co. v. Hudson, 85 Texas, 590; Gillis v. Rosenheimer, 64 Texas, 246. Negative answers must therefore be given to both questions.