COUNTY OF HARRIS V. MAGGIE S. GERHART ET AL.

No. 3914.    Decided May 5, 1926.

(283 S. W., 139).

1.—Case Approved.

The rulings of the Court of Civil Appeals in this case, Gerhart v. Harris county, 244 S. W., 1103, are approved.  (P. 453).

2.—Counties—Negligence of Agents.

At common law counties, as a rule, are not liable for injuries

resulting from the negligence of their officers or agents, and no recovery can be had unless liability be created by statute. (P. 453).

### 3.—Counties—Construction of Roads—Damaging Property.

Under statutory provisions property may be taken or damaged by counties in construction of public roads and their ditches and drains, but with the obligation by the Constitution (Art. 1, Sec. 17) to make adequate compensation. (P. 453).

### 4.—Same—Statute.

By Article 6935, Rev. Stats., 1911 (Art. 6730, Rev. Stats., 1925), the county is made liable for damages to property, as by backing water on the land of a proprietor; but the liability does not depend on negligence, such as improper construction or drainage. If damage is caused compensation must be made. (Pp. 453, 454).

### 5.—Cases Distinguished.

The refusal of the Supreme Court to grant writ of error in Zavalla County v. Akers, 91 S. W., 245, is distinguished from this case as being for want of jurisdiction, and in Siewerssen v. Harris County, 41 Texas Civ. App., 115, 91 S. W., 33, as being controlled by findings on other issues. The ruling in refusing the writ in Palo Pinto County v. Gaines, 168 S. W., 391, is followed. (P. 454).

### 6.—Counties—Damage to Health.

The Constitution and the Statute authorize no recovery against a county for damages other than to property by construction of a public road. Injury to health caused by overflow of premises from such construction is not recoverable. (P. 455).

Error to the Court of Civil Appeals for the Ninth District in an appeal from Harris County.

Maggie S. Gerhart, joined by her husband, sued Harris County and appealed from a judgment for defendant. On a decree reversing and remanding the case (244 S. W., 1103) the county obtained writ of error for supposed conflict in decisions.

*Louis, Campbell & Nicholson,* for plaintiff in error.

A county is not liable for damages where the jury has found that the construction and maintenance of a county road caused overflow and damage, but has not found that the overflow and damage was necessary for the proper construction or the proper maintenance of the road, and has not found that any public use was subserved by overflowing the land. Heigel v. Wichita County, 84 Texas, 392; Floria v. Galveston County, 55 S. W., 540; Zavalla County v. Akers, 91 S. W., 245; Siewerssen v. Harris County, 41 Texas Civil App.,

175, 91 S. W., 333; Nussbaum v. Bell County, 97 Texas, 86, 76 S. W., 430.

Where all issues necessary to establish plaintiff's case and fix liability are not requested by plaintiff, nor submitted, the court may resolve such unsubmitted issues in favor of defendant and render judgment accordingly, and upon appeal it will be presumed that such unsubmitted issues were resolved by the court in such manner as to support the judgment. Heigel v. Wichita County, 84 Texas, 392; Walton v. Travis County, 5 Texas Civ. App., 525, 24 S. W., 352; Crause v. Harris County, 18 Texas Civ. App., 375, 44 S. W., 616; Floria v. Galveston County, 55 S. W., 540; Zavalla County v. Akers, 91 S. W., 245; Siewerssen v. Harris County, 41 Texas Civ. App., 45, 91 S. W., 333; Nussbaum v. Bell County, 97 Texas, 86, 76 S. W., 430; Riley v. Coleman County, 181 S. W., 743; Cobb v. Robertson, 99 Texas, 138; J. I. Case Thresh. Machine Co. v. Rachal, 194, S. W., 418; Vaky v. Phelps, 194 S. W., 601.

*Taliaferro & Sonfield,* for defendants in error.

By Article 1, Section 17, of the Constitution of Texas "private property cannot be taken, damaged or destroyed for, or applied to public use, without adequate compensation being made, unless by the consent of such person." Constitution of Texas, Article 1, Section 17; Brewster v. City of Forney, 223 S. W., 175; G., C. & S. F. Railroad Co. v. Fuller, 63 Texas, 467; Powell v. H. & T. C. Railway Co., 104 Texas, 219; City of Fort Worth v. Ashley, 197 S. W., 307, 197 S. W., 336; Transportation Company v. Chicago, 99 U. S., 635; County of Chester v. Brower, 117 Pa., 647; City of Elgin v. Eaton, 83 Ill., 535; Reardon v. City and County of San Francisco, 66 Calif., 492; City of Atlanta v. Green, 67 Ga., 386; City of Houston v. Kleinecke, 26 S. W., 250; Rigney v. the City of Chicago, 102 Ill., 64; Johnson v. Parkersburg, 16 W. Va., 402; City of Denver v. Bayer, 7 Colo., 113, 2 Pacific, 6; Gottschalk v. Chicago, B. & Q. Ry. Co., 14 Nebr., 550.

Unlike municipal corporations, counties are not, in the absence of statute, liable for damages caused by the neglect or wrongs committed by their officers or agents. This rule is well established; but, it is equally well established that, where a county acting within its authority lays out a public road, which involves the making of ditches and drains, it is liable not only for private property taken, but as well for such

property damaged through such construction. This liability is not based upon negligence in the laying out of the road or the construction of the ditches, but arises out of the constitutional provision for compensation emphasized by Article 6935 of the Statutes. This distinction is clearly marked in the case of Nussbaum v. Bell County, 97 Texas, 86.

This cause having been submitted to the jury upon special issues and special charge having been requested in writing within due time, it was error for the court to refuse to charge the jury on the law by which they should be governed in arriving at a verdict, inasmuch as by Article 6935, Vernon's Sayles' Revised Civil Statutes of Texas, 1914, the county is made liable for damages to land owners for the overflow of their lands incident to the construction and subsequent improvement of any public road. Vernon's Sayles' Revised Civil Statutes, 1914, Article 6935; Palo Pinto County v. Gaines, 168 S. W., 391; Voss v. Harris County, 33 Texas Civ. App. 249, 76 S. W., 600; Holt v. Rockwall County, 27 Texas Civ. App., 365, 65 S. W., 389.

MR. JUSTICE PIERSON delivered the opinion of the court.

Maggie S. Gerhart and others sued Harris County. They alleged that Harris County constructed and improved one of its public roads so as to cause water to back upon, stand upon, and overflow their premises during the years of 1918 and 1919, thereby causing the destruction of certain crops and of certain property located on the premises, and on account of such condition they were made to suffer sickness, for all of which they sought to recover damages.

The jury found that on account of the construction and maintenance of the public road as alleged certain property of defendants in error was destroyed. It made a finding as to the value of said property, and also found that the Gerharts had suffered sickness, and assessed the damage therefor. Both sides moved for judgment. The trial court granted the motion of Harris County for judgment and entered judgment accordingly in favor of the County. Upon appeal the Honorable Court of Civil Appeals for the Ninth Supreme Judicial District reversed the judgment and remanded the cause to the District Court for a new trial. 244 S. W., 1103. A writ of error was granted by this Court upon the alleged conflict with the cases of Zavalla County v. Akers, 91 S. W., 245, and Siewerssen v. Harris County, 41 Texas Civ. App., 115, 91 S. W., 333.

After making observations regarding the pleadings of defendants in error and demurrers of plaintiff in error, Harris County, the Honorable Court of Civil Appeals held: (a) that the facts of the case raised the issue that the County in improving its public road and in the discharge of duties imposed by law had impaired the Gerharts' drainage, and that issues thus raised made a cause of action against the County; (b) that if the County had damaged the property of the Gerharts for public use, it rested under the absolute duty of making compensation; (c) that the issue of excessive rainfall and its effect on the overflow was one of proximate cause and one for the jury, and if raised by the evidence on another trial should be submitted to the jury; (d) that there was testimony sufficient to raise the issue of the damage having been caused by the acts of the Navigation District of Buffalo Bayou, and that that issue should have been submitted to the jury; (e) that the testimony of certain witnesses relating to the market value of certain crops was inadmissible, and its admission erroneous, as well as that relating to the cost of raising, harvesting, and marketing the crops.

After reviewing the case we are of the opinion that the holdings of the Honorable Court of Civil Appeals are correct, and the cause was properly remanded for a new trial.

It is well established that at common law counties, as a rule, are not liable for injuries resulting from the *negligence* of their officers or agents, and no recovery can be had in damages unless liability be created by statute. Heigel v. Wichita County, 84 Texas, 392; Nussbaum v. Bell County, 97 Texas, 86, 76 S. W., 430. In the latter case the Court said:

"Under our Constitution, 'no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person.' Art. 1, sec. 17. Under statutory provisions, property may be taken or damaged by counties for public use in establishing and maintaining public roads, and the authority thus given embraces the making of ditches and drains."

This leads us to a consideration and construction of Article 6935, Vernon's Complete Texas Statutes (Article 6730, Revised Statutes 1925), and to apply it to the facts of this case. It reads as follows:

"The earth necessary to construct a causeway shall be taken from both sides, so as to make a drain on each side of such causeway. Whenever it is necessary to drain the water from any public road, the overseer shall cut a ditch for that pur-

pose, having due regard to the natural water flow, and with as little injury as possible to the adjacent land owner; provided, that in such cases the commissioners' court shall cause the damages to such premises to be assessed and paid out of the general revenues of the county, and in case of disagreement between the commissioners' court and such owner, the same may be settled by suit as in other cases."

It should be observed that the Act provides that the earth shall be taken from both sides, and the overseer in cutting a ditch shall have due regard to the natural water flow, and shall cause as little damage as possible to the adjacent land owner, and then provides for payment for such damages as may be caused. The application of the statute in regard to such damages so caused is not conditioned upon and does not depend upon the issue of negligence. If damage in such case is caused, compensation must be made, as held by the Honorable Court of Civil Appeals.

It was agreed in open court that the road, after it had been reconstructed and resurfaced in 1914, was accepted by Harris County. If the road, constructed as it was and maintained as it was, caused the water to back upon land of defendants in error and overflow it, and to destroy or damage their property, the County would be charged with the payment of compensation for such damage.

The case of Zavalla County v. Akers, 91 S. W., 245 (January, 1906), was one within the original jurisdiction of the county court and over which this court had no jurisdiction. Therefore, the petition for writ of error was dismissed for want of jurisdiction.

Writ of error was denied by this Court in the case of Siewerssen v. Harris County, 91 S. W., 333. While we do not approve the holding in that case relating to liability of the county for damages alleged to have been caused by so constructing and maintaining the public road as to cause overflow, yet the writ was properly denied on other issues. The jury had found that the water did not overflow the plaintiff's land in greater quantities than it would have done naturally.

The only direct action of this Court upon the issue of law involved here is found in the case of Palo Pinto County v. Gaines, 168 S. W., 391, in which writ of error was refused by this Court. The facts in that case were identical with those in this case and the one issue of law was ruled as here, the court citing Voss v. Harris County, 33 Texas Civ. App., 249, 76 S. W., 600.

1926] HAMILTON, ADMX. V. RAILWAY CO. 455

Neither does the Constitution nor the statutes authorize a recovery against a county for damages to the health of persons on account of the construction or maintenance of a public road. On another trial the issue of damages for sickness of defendants in error should be eliminated.

The judgment of the trial court was reversed by the Honorable Court of Civil Appeals upon the issue above discussed, and the cause was remanded for a new trial upon .further grounds relating to pleadings, admission of testimony, measure of damages, failure to submit certain issues, etc. We find no error in the court's action in this respect, and .its judgment remanding the cause for a new trial should be affirmed, and it is so ordered.

*Judgment of reversal and remand affirmed.*