## ANGELINA COUNTY v. BOND. (No. 1792.)

Court of Civil Appeals of Texas. Beaumont.
April 18, 1929.

Rehearing Denied April 24, 1929.

Tom F. Coleman and C. E. Brazil, both of Lufkin, for appellant.

J. J. Collins, of Lufkin, for appellee.

O'QUINN, J. Bond brought this suit against Angelina county to recover damages for the overflow of certain farm lands alleged to have been caused by the construction by the defendant county of a public road in such way as to back the surface water upon his land and to destroy certain growing crops. The defendant county answered, the cause was tried to the court without a jury, and judgment entered for plaintiff in the sum of $750. Motion for a new trial was overruled, and the county has appealed.

Appellant presents many assignments of error, but we shall discuss only a few of them. The main contention of appellant is that, since the county did not take or appropriate any part of appellee's property, and, since, furthermore, the county would not be liable for the negligent acts of its officers or agents in the construction of the public road adjacent to appellee's property, the judgment is erroneous because not supported by the facts pleaded or proved.

Appellee's cause of complaint is that in

constructing an established public road or highway through or across his farm, the county built up an embankment some five to eight feet high and about three-quarters of a mile long, situated in the Procella creek and Angelina river bottoms, without placing the necessary culverts or openings, in such way as to obstruct the natural flow of the surface water from his and a large area of contiguous lands, and to cause the same to back up on and over some 55 or 60 acres of his cultivated farm land, and to destroy his crops. Under the undisputed facts the road was constructed as it was by and under the authority and direction of the county, and there is, therefore, no question of the individual negligence of any of the county's officers or agents in the matter of its construction.

Under the common law a county is not liable for damages growing out of the negligence of its officers or agents. This is the rule in this state, unless such liability is created by statute, either by express words or by necessary implication. Heigel v. Wichita County, 84 Tex. 392, 19 S. W. 562, 31 Am. St. Rep. 63; Nussbaum v. Bell County, 97 Tex. 86, 76 S. W. 430; Harris County v. Gerhart, 115 Tex. 449, 283 S. W. 139. The negligence of Angelina county and its agents was not an issue. Appellee's suit is not based upon the negligence of appellant's officers or agents. His petition alleged a taking of his property for public use without compensation. If in fact appellant took or damaged appellee's property for public use, it rested under the absolute duty to compensate him therefor. Under statutory provisions property may be taken or damaged by counties for public use in establishing and maintaining public roads, and the authority thus given embraces the making of ditches and drains and the building of embankments. It is therefore true, as contended by appellee, that, when this authority is properly exercised, a county may be made liable for damages thereby caused to private property. This would be a case in which liability is expressly imposed upon the county. Article 6730 (6935) (4745) R. S. 1925. Nussbaum v. Bell County, 97 Tex. 86, 76 S. W. 430. The cited article, 6730 (6935), specifically declares: "Whenever it is necessary to drain the water from any public road, the overseer shall cut a ditch for that purpose, having due regard to the natural water flow, and with as little injury as possible to the adjacent landowner; Provided, that in such cases the commissioners' court shall cause the damages to such premises to be assessed and paid out of the general revenues of the county, and in case of disagreement between the commissioners' court and such owner, the same may be settled by suit as in other cases."

In Palo Pinto County v. Gaines (Tex. Civ. App.) 168 S. W. 391, it was held that this statute expressly made a county liable for damages to adjacent landowners for the overflow of lands incident to the construction and maintenance of its roadways. In that case, as in this, the road was so constructed as to cause the surface water to accumulate and back upon and over the plaintiff's land and destroy his growing crops. The county was held liable under the statute just quoted, and the Supreme Court refused a writ of error. See, also, Southern Surety Co. v. McGuire (Tex. Civ. App.) 275 S. W. 845; Harris County v. Gerhart, 115 Tex. 449, 283 S. W. 139; Jones County v. Moore (Tex. Civ. App.) 4 S.W.(2d) 289 (writ refused).

Appellant's assignment that the judgment is not supported by the proof is overruled. The court filed his findings of fact which support the judgment. There is also in the record a full statement of facts, agreed to by the parties and approved by the court. It supports the court's findings.

The assignment that the court erred in rendering judgment for appellee, because his claim was barred by the two years statute of limitations, is overruled. Article 1573, R. S. 1925, provides that no county shall be sued, unless the claim upon which the suit is based shall have first been presented to the commissioners' court for allowance, and by said court refused. This statute is applicable to claims like the one upon which this suit is founded. Article 5526, R. S. 1925, is also applicable to the instant suit. It provides that limitation begins to run when the cause of action accrues. By "cause of action" is meant the right to institute suit. Port Arthur Rice Milling Co. v. Beaumont Rice Mills, 105 Tex. 514, 143 S. W. 926, 148 S. W. 283, 150 S. W. 884, 152 S. W. 629; Deaton v. Rush, 113 Tex. 194, 252 S. W. 1025. Appellee's right to institute suit did not accrue until after his claim had been rejected by the commissioners' court, and two years did not elapse after such rejection before the suit was filed.

The assignment asserting that the judgment should be reversed because appellee sued for and offered evidence of permanent damages to his land, and the judgment does not dispose of this issue, is overruled. Appellee's claim for damages against appellant was composed of several items, among others that his land had been permanently damaged in the sum of $3,000. He offered evidence as to his right to recover on this item of damage. The case was tried to the court, and judgment rendered, awarding appellee generally the sum of $750. The judgment is silent as to what damages this sum covered. However, in his findings of fact the court found that appellee had suffered damages in that sum for loss of crops in the year 1924 by reason of the overflow caused.

by the road embankment. It is well settled that where, upon pleadings putting in issue a plaintiff's right to recover on two or more causes of action, the judgment awards him a recovery upon one, but is silent as to the other, it is prima facie an adjudication that he is not entitled to recover upon such other cause, and the judgment may be successfully interposed against any future suit to recover on such cause of action. Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77; Davies v. Thomson, 92 Tex. 391, 49 S. W. 215; Crain v. National Life Insurance Co., 56 Tex. Civ. App. 406, 120 S. W. 1098.

The assignment that the judgment is erroneous and should be reversed, because it awards appellee the right of execution against appellant, which is contrary to article 1575, R. S. 1925, is overruled. Article 1575 provides that no execution shall be issued on any judgment against any county, and awarding execution against appellant county was error, but not reversible error, for we have authority to reform the judgment in that particular. Trinity County v. Polk County, 58 Tex. 321; Jones County v. Moore (Tex. Civ. App.) 4 S.W.(2d) 289 (writ refused).

Appellant's several assignments attacking the findings of the court as without support in the record, are overruled. We think the evidence amply supports the findings. Appellant presents numerous assignments, other than those discussed, but, as none of them show reversible error, they should be and are all overruled.

The judgment will be here reformed so as to eliminate the right of execution to appellee, and, as reformed, is affirmed.