## JONES v. JEFFERSON COUNTY DRAINAGE DIST. NO. 6.

### No. 3573.

Court of Civil Appeals of Texas. Beaumont.

April 25, 1940.

Rehearing Denied May 1, 1940.

Howth, Adams & Hart, and Gaston H. Wilder, Jr., all of Beaumont, for appellant.

Morris & Bennett and Strong, Moore & Strong, all of Beaumont, for appellee.

WALKER, Chief Justice.

This case is before us on appeal by appellant, J. A. Jones, from the judgment of the lower court sustaining the demurrer of appellee, Jefferson County Drainage District No. 6, to his petition.

Appellee is a drainage district, organized under the provisions of Art. 8097, Chapter 7, Title 128, V.C.S. On the allegations of appellant's petition, appellee maintained a system of ditches within its boundaries whereby many acres of marsh land were and are being reclaimed; it had the legal authority to dig drainage ditches, and to keep them in repair, and to make all necessary extensions thereto, and to transport laborers to and from the drainage ditches,

862

in its efforts to keep them in repair and to extend them.

For cause of action, appellant alleged: He was lawfully hired by one of appellee's agents who had "the right to hire and discharge him"; he was employed to do work upon appellee's system of drainage ditches; as an incident of his employment appellee was bound to transport him to and from the work he was employed to do; on the first day of his employment, the agent who employed him undertook to transport him to the place of his work in a truck, which the agent drove in a negligent and careless manner, and at a negligent rate of speed across a rice field which was "uneven and full of ridges and ditches"; the agent did not warn him of the character of the territory over which he was driving, of which appellant was excusably ignorant, and failed to furnish him with a seat in the truck; while "riding on his way to the place where he was required to perform his duties he was thrown with great violence against the side of the truck and then thrown down on the floor of said truck, and in so falling his head struck a tool box which was then and there being transported by said truck," inflicting upon appellant serious injuries; the acts of the agent constituted negligence, chargeable to appellee, which negligence was the proximate cause of appellant's injuries.

### Opinion.

Appellant's petition was subject to the general demurrer.

█ Drainage districts created under the provisions of Chapter 7 of Title 128, Art. 8097, V. C. S., enacted under authority of Art. 16, Sec. 59a, of the State Constitution, Vernon's Ann.St., are political subdivisions of the state of the same nature and stand upon exactly the same footing as counties, or precincts, or any of the other political subdivisions of the state. Harris County Drainage District No. 12 v. City of Houston, Tex.Com.App., 35 S.W.2d 118; Wharton County Drainage District No. 1 v. Higbee, Tex.Civ.App., 149 S.W. 381; American Surety Co. v. Hidalgo County, Tex. Civ.App., 283 S.W. 267, writ of error refused; Parker v. Harris County Drainage District, Tex.Civ.App., 148 S.W. 351; Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139; Nussbaum v. Bell County, 97 Tex. 86, 76 S.W. 430; Braun v. Trustees of Victoria Independent School District, Tex.Civ.App., 114 S.W.2d 947; 15 Tex.Jur. 722.

█ In the Gerhart Case, supra, our Supreme Court held [115 Tex. 449, 283 S. W. 140]: "It is well established that at common law counties as a rule are not liable for injuries resulting from the negligence of their officers or agents, and no recovery can be had in damages unless liability be created by statute. Heigel v. Wichita County, 84 Tex. 392, 19 S.W. 562, 31 Am.St.Rep. 63; Nussbaum v. Bell County, 97 Tex. 86, 76 S.W. 430."

Since drainage districts are of the same nature and stand upon the same footing as counties, and since counties are not liable for injuries resulting from the negligence of their officers or agents, it logically follows that drainage districts, likewise, are not liable for injuries resulting from the negligence of their officers or agents.

As we understand the authorities cited by appellant, they in no way conflict with the authorities cited above in support of our conclusion of non-liability on the part of appellee for the injuries suffered by appellant. Appellant's authorities are on the general proposition announced in the Gerhart case, supra, construing Art. 1, Sec. 17 of the State Constitution, that no person's property shall be taken, damaged or destroyed, or applied to public use without adequate compensation being made to the owner. Thus, in Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57, 60, speaking for the Supreme Court, the Commission of Appeals stated: "Many decisions of the courts of this state are in harmony in holding that cities, drainage districts, levee improvement districts, etc., which are defined under the law as governmental agencies, are responsible for damage or injury to a person's property inflicted in the performance of their acts and functions primarily for the benefit of those within the corporate limits of the municipality."

In Hidalgo County Improvement District No. 2 v. Holderbaum, Tex.Com.App., 11 S.W.2d 506, damages were sought against the drainage district, resulting from injury to the claimant's farm. In Cameron County Water Improvement District No. 1 v. Whittington, Tex.Civ.App., 297 S.W. 868, it was held that the watchman employed for the protection of corporate property was not exercising a governmental function. Hidalgo County Water Control & Improvement District v.

Gannaway, Tex.Civ.App., 13 S.W.2d 204; is another case of damage to property and, therefore, not in point with the facts of the case at bar.

We overrule appellant's contention that injury to his person "was a taking or damaging or destroying his property for public use without adequate compensation being made, thereby being a violation of Article 1, section 17, of the Constitution of the State of Texas." This contention is denied by the authorities cited above, holding that counties are not liable for injuries resulting from the negligence of their agents.

The judgment of the lower court is in all things affirmed.