## PETERS v. MATAGORDA COUNTY DRAINAGE DIST. NO. I.

### No. 11073.

Court of Civil Appeals of Texas. Galveston.

Nov. 27, 1940.

Rehearing Denied Jan. 9, 1941.

F. H. Jones, of Bay City, and Cole, Patterson & Cole, of Houston, for appellant.

Eugene J. Wilson, of Corpus Christi (Russell Morton Brown, of Corpus Christi, of counsel), for appellee.

GRAVES, Justice.

This appeal is from a judgment of the district court of Matagorda County—through Hon. C. G. Dibrell, as acting judge thereof—sustaining a general demurrer presented by the appellee to the petition of the appellant, seeking to recover damages for personal injuries sustained by him, while employed by the appellee in the construction of certain drainage works then being done by it in Matagorda County; it was in due manner and form alleged on the part of the appellant that the negligence of a fellow employee of his, one R. E. Lindsey, a foreman on the job under whom he was working, resulted in the premature explosion of a charge of dynamite that proximately caused the injuries to the appellant, for which he sought damages in this action.

The court thereupon dismissed the cause, on appellant's refusal to further amend, thereby in effect holding that such a drainage district as the appellee is, that is, one organized and operating under Vernon's Annotated Civil Statutes of Texas, Article 8097, Chapter 7, Title 128, is not liable in damages for personal injuries resulting to one of its employees from the negligence of another of them, while it is engaged in the prosecution of those purposes for which it was so established.

That holding is directly challenged here by the appellant in this proposition: "Where the plaintiff was injured, due to the negligence of the duly-constituted employees of the defendant Drainage District, the defendant Drainage District is liable to plaintiff for the injuries received."

The cause of action so declared upon was fully set out below in all respects essential to make it a good pleading, if not vulnerable to the demurrer, as the learned trial court thus held it to be; it is there-

fore deemed unnecessary to incorporate further details as to the procedural setting under which the question was so raised for the court's determination, since both parties concede that it was so comprehensive as to reduce the sole question in the cause, both below and here, to the one the trial court thus decided.

On appeal also, there is an able and full discussion, with extensive citations of authority by each of the parties as upholding their differing views; but, as further appears, they mutually agree that the precise question thus posed—on an analogous state of facts to those here obtaining—has already been decided in Texas by the Beaumont Court of Civil Appeals, in the case of Jones v. Jefferson County Drainage District No. 6, 139 S.W.2d 861, 862, in which our Supreme Court has refused a writ of error. An examination of that opinion confirms the statement; that court did therein hold that such a district is not liable for such damages; in that instance, as here, no other question was involved or decided, and that learned court thus briefly and directly declared the law upon it:

"Drainage Districts created under the provisions of Chapter 7 of Title 128, Art. 8097, V.C.S., enacted under authority of Art. 16, Sec. 59a, of the State Constitution, Vernon's Ann.St., are political subdivisions of the state of the same nature and stand upon exactly the same footing as counties, or precincts, or any of the other political subdivisions of the state. Harris County Drainage District No. 12 v. City of Houston, Tex.Com.App., 35 S.W.2d 118; Wharton County Drainage District No. 1 v. Higbee, Tex.Civ.App., 149 S.W. 381; American Surety Co. v. Hidalgo County, Tex.Civ.App., 283 S.W. 267, writ of error refused; Parker v. Harris County Drainage District, Tex.Civ.App., 148 S.W. 351; Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139; Nussbaum v. Bell County, 97 Tex. 86, 76 S.W. 430; Braun v. Trustees of Victoria Independent School District, Tex.Civ.App., 114 S.W.2d 947; 15 Tex.Jur. 722.

"In the Gerhart Case, supra, our Supreme Court held (115 Tex. 449, 283 S.W. 140): 'It is well established that at common law counties as a rule are not liable for injuries resulting from the negligence of their officers or agents, and no recovery can be had in damages unless liability be created by statute. Heigel v. Wichita County, 84 Tex. 392, 19 S.W. 562, 31 Am.St.Rep. 63; Nussbaum v. Bell County, 97 Tex. 86, 76 S.W. 430.'

"Since drainage districts are of the same nature and stand upon the same footing as counties, and since counties are not liable for injuries resulting from the negligence of their officers or agents, it logically follows that drainage districts, likewise, are not liable for injuries resulting from the negligence of their officers or agents."

The trial court foretold that holding, and this appellee (while citing many other cases) depends upon it as determining this controversy in its favor, but the appellant earnestly challenges it as being erroneous (citing a number of allegedly conflicting decisions), and invites this court, if not satisfied with that decision, to certify the question herein involved to the Supreme Court; his view being that the refusal of a writ of error therein "does not necessarily stamp the opinion in that case with the approval of the Supreme Court, and the same would not be binding upon the Supreme Court."

While this court has no doubt of the soundness of the Beaumont court's holding, it does not so interpret the effect of a refusal of a writ of error in such circumstances; on the contrary, its understanding is that the Supreme Court's refusal of a writ of error in that case manifested its approval of that decision of the Beaumont Court of Civil Appeals. Vernon's Ann.Civ.Statutes, Art. 1728, Vol. 3, page 200, note 3a; Hamilton v. Empire, etc., 134 Tex. 377, 110 S.W.2d 561.

Wherefore, the sole question here presented having, in this court's opinion, been thus authoritatively foreclosed in the appellee's favor, the judgment will be affirmed.

Affirmed.