

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Hon. Jos. B. Dart
County Attorney
Kendall County
Boerne, Texas

Dear Sir:                    Opinion No. O-7486

Re:  (1)  If a County Commissioners'
          Court in fact passes an order
          but fails to enter same in
          Court minutes, is such order
          void?

     (2)  May such order be proved by
          parol testimony?

     (3)  Is the construction of (road)
          drainage ditches County Business
          for which the Commissioners'
          Court may contract with refer-
          ence to the construction and
          maintenance thereof?

     (4)  Is a contract between the Com-
          missioners' Court and an indivi-
          dual, whereby the Court contracts
          to expend public funds for ac-
          quisition and maintenance of a
          ditch for benefit of a private
          individual to prevent washing of
          property, such a contract within
          the scope of what could be termed
          county business?

We are in receipt of your recent request for an opinion of
this department on the above stated matters. We quote from your
letter of request as follows:

"A man by the name of H. R. Remsen owns a small
tract of land lying partly in Kendall County and partly
in the adjoining Kerr County. Where this property lies
there is a natural overflow during heavy rains and this
property was subject to disastrous wash outs. The Com-
missioners of Kendall and Kerr Counties got together and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Jos. B. Dart - Page 2

constructed a drainage ditch across Mr. Remsen's place.
At times this ditch was worked by the two commissioners
in whose precincts it lies. Finally, in 1924, Mr.
Remsen prevailed on the Commissioners' Court of Kendall
County to purchase this ditch from him as he wanted to
bind the county to keep it in condition to prevent fur-
ther erosion of his land.

"The deed was made out to 'J.A. Phillip, County
Judge of Kendall County, Texas, and his successors in
office.' Judge Phillip is now dead, but our present
County Judge, B. H. Balser, was then one of the county
commissioners, not, however, of the precinct where this
ditch lies. The consideration given in the deed was
$47.12. After the description in the deed the following
proviso was made: 'It is expressly understood that the
strip of land herein conveyed is to be used by the
County for a ditch to take care of flood water now over-
flowing the Comfort-Kerrville Highway and the County
agrees and binds itself to forever keep the ditch from
caving in and doing damage to grantors' property.'

"The ditch has not been taken care of for some
years and the cave-in and damage anticipated in the deed
is taking place to the extent that Mr. Remsem has threaten-
ed suit against the County for damages for failure to keep
its contract as worded in the deed.

"There is no entry in the Commissioners' Court
minutes authorizing Judge Phillip to purchase this pro-
perty and no authorization to enter into this maintenance
agreement. There is, however, among the blanket approvals
of claims filed one in which the clerk was authorized to
pay the claim of H.R. Remsen for $47.12, but no explana-
tion of what the payment was for. This approval entry
was made Feb. 11th, 1924, and the deed was dated and filed
with the County Clerk on the same day.

"Mr. Gus H. Lindner, who was then commissioner of
Precinct Four, where the ditch is located, says that the
matter was considered by the Commissioners' Court and
that the County Judge was authorized to purchase the land
and make the contract, but Judge Balser has no recollection
of this.

Hon. Jos. B. Dart - Page 3

"Art. 2349, Civil Statutes, provides that 'the clerk shall also record all authorized proceedings of the court between terms; and such record be read and signed on the first day of the term next after such proceedings occurred.'

"Art. 3, Section. 52 of the Constitution provides that 'The Legislature shall have no power to authorize any county, City, town or other political corporation or subdivision of of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, etc.'

"Following Art. 2349 in V.A. Statutes there are several quotations to the effect that a failure to enter the order in the minutes did not make the order void but same may be proved by parol testimony.

"If it is correct that the order need not be entered of record and can be proven by parol evidence, then the question arises: was the order made by the Commissioners' Court one which was authorized by the Constitution and the Statutes. The contract to expend public funds for acquisition and maintenance of a ditch for benefit of a private individual to prevent washing of property is clearly not one within the scope of what could be termed county or public business.

"It will be noticed that the latter part of the maintenance agreement states that the land therein conveyed is to be used by the County to take care of flood water now overflowing the Comfort-Kerrville Highway. In 1924 the Comfort-Kerrville Highway was an ordinary county road, and as such the County Commissioners' Court had the authority to apportion the Road and Bridge Fund among the different commissioners for the purpose of maintaining and keeping the county road and to give them such protection as needed in cases of overflowing. If the purpose of this deed and contract was to protect the road from overflow and washouts then it would be within the authority of the county to purchase such land as was necessary to prevent these overflows and maintain thereon a drainage ditch and to pay for same out of the Road and Bridge Fund.

"I hope I have not encroached on your patience too much, and would greatly appreciate it if you would give me your opinion as to the correctness of my conclusions."

Honorable Jos. B. Dart - Page 4

We have, we hope, in the interest of clarity, formulated the four legal questions hereinbefore captioned and believe our answers thereto solve the legal problems confronting you in the given situation.

We answer question Number One in the negative and cite the following cases in support thereof and quote from the syllabi of such cases to show the Court's holding. "Commissioners' Court's order need not be spread of record on minutes to be valid." Brooks v. Frio County, Civ. App., 28 S. W. (2) 1107. "While the statute (Art. 2349, V.A.C.S.) provides that record shall be made of proceedings of Court, the fact that no order appears upon minutes of Court does not authorize holding that election was void for want of proper order." Ewing vs. Duncan, 81 Tex. 230, 16 S. W. 1100. "Order of Commissioners' Court that has been acted upon by parties for several years is not void because not entered upon minutes of said court." Waggoner vs. Wise County, Civ. App., 43 S. W. 836.

The provisions of Article 2349, R.C.S., referred to in your letter are directory and not mandatory. Landa vs. State, Civ. App., 131 S. W. (2) 321. In this connection, we refer you to Gordon vs. Denton County, Civ. App., 48 S. W. 737, holding that "Where there is sufficient evidence denying that order was made by Commissioner's Court, issue should be submitted to jury to decide." This Gordon vs. Denton County Case also holds that "the burden of proving that an order was passed by the Commissioners' Court rests upon a plaintiff claiming rights thereunder." It is elementary that if the Commissioners' Court minutes fail to reflect an order passed by such Court the same may be amended by a motion of some one or more of the Commissioners to show such order.

We answer question Number Two in the affirmative and cite Brooks vs. Frio County, supra, holding that "Commissioners' Court's order need not be spread of record on minutes to be valid, but, if properly passed, MAY BE PROVED BY PAROL TESTIMONY."

We answer your question Number Three in the affirmative and cite in support thereof the case of El Paso County vs. Elam, 106 S. W. (2) 393, holding "The matter of constructing drainage ditches in the county is, UNQUESTIONABLY COUNTY BUSINESS, and the Commissioners' Court is the only active governing body of the county with a jurisdiction conferred upon it by law to do that work, and should be given a broad and liberal construction so as not to defeat the purpose of the law." The facts in El Paso County vs. Elam, supra, are almost identical to your given situation with reference to the construction of the ditch and we quote from said opinion, viz:

"The construction of the ditch was not in connection with a public road, but, as found by the jury, was constructed

to protect the public roads from overflow, in the vicinity of Fabens, and did in fact protect such public roads from overflow. We think under the facts shown, the construction of the ditch was an lawful and commendable act on the part of the Commissioners' Court and that the County may be made liable for damages . . ."

Such case was reversed on a point not material to your inquiries.

We further refer you to the Texas Constitution, Article I, Section 17, which provides as follows:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof."

We further refer you to the case of Nussbaum vs. Bell County, Texas, Sup. Ct. Texas, 76 S. W. 430-432, holding, to quote from the case, "under statutory provisions, property may be taken or damaged by counties for public use in establishing and maintaining public roads, and the authority thus given EMBRACES THE MAKING OF DITCHES AND DRAINS", and such case cites on such proposition the cases of Hamilton County vs. Garrett, 62 Tex. 602; Wooldridge vs. Eastland County, 70 Tex. 680; Watkins vs. Walker County, 18 Tex. 558.

We answer question Number Four in the negative. Clearly, if a ditch is constructed for benefit of a private individual, then it would not be such an act as would come within the scope of county business and the county could not lawfully pay damages resulting therefrom to a landowner and could not legally contract for the construction and maintenance thereof, because of the constitutional prohibition against same by virtue of Article III, Sec. 52, of the Texas Constitution quoted in your letter.

You will understand, it is not the contract clause in the deed that creates the power or necessarily imposes the duty upon the county to maintain the ditch, it is the general law as hereinabove set out. If at this time, or at any time in the future, the Commissioners' Court finds that the upkeep of ditch is necessary in

the maintenance of the road to avert injury to it or to adjacent property, it has the power and it would be under the duty to do so.

Trusting this satisfactorily answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 17 1946

By

(Signed) Joe McCasland

Joe McCasland
Assistant

(Signed) Grover Sellers

ATTORNEY GENERAL OF TEXAS

JMc:djm

APPROVED

OPINION COMMITTEE

BY OS

CHAIRMAN