

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 21, 1975

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77704

Opinion No. H- 501

Re: Authority of a commissioners court to prepare, approve and amend the budgets of drainage districts.

Dear Mr. Hanna:

You have asked:

What authority, if any, does the Commissioners Court of Jefferson County have to prepare, approve and amend the budgets of Jefferson County Drainage Districts No. 3, 6 and 7?

In Jones v. Jefferson County Drainage Dist. No. 6, 139 S. W. 2d 861 (Tex. Civ. App. --Beaumont 1940, err. ref'd. ), it was held that:

Drainage districts created under the provisions of Chapter 7 of Title 128, Art. 8097, V. C. S., enacted under authority of Art. 16, Sec. 59a, of the State Constitution, Vernon's Ann. St., are political subdivisions of the state of the same nature and stand upon exactly the same footing as counties, or precincts, or any of the other political subdivisions of the state . . . .

In Tri-City Fresh Water Supply Dist. No. 2 of Harris County v. Mann, 142 S. W. 2d 945 (Tex. 1940), the Court said:

It is a general rule of judicial construction that even a normal municipal corporation has only such implied powers as are reasonably necessary to make effective the powers expressly granted. That is to say, such as are indispensable to the declared objects of the corporation and the accomplishment of the purposes of its creation.

p. 2256

That Court also said:

> Governmental agencies, or bodies corporate
> such as Fresh Water Supply Districts, under our
> statute, are commonly referred to by courts as
> quasi municipal corporations, for the reason that
> they are constituted by the legislature to exercise,
> in a prescribed area, a very limited number of
> corporate functions, and they are said to be 'low
> down in the scale or grade of corporate existence.'
> The powers of such districts are measured by the
> terms of the statutes which authorized their crea-
> tion, and they can exercise no authority that has
> not been clearly granted by the legislature. As
> expressed by the court in Stratton v. Commissioners'
> Court of Kinney County, Tex. Civ. App. , 137 S. W.
> 1170, 1177, writ of error denied, the powers of such
> governmental agencies as counties, townships, and
> school districts 'are generally more strictly con-
> strued than those of incorporated municipalities.'
> . . .

Your letter contains nothing to indicate that these drainage districts
were created by special act, and we therefore assume that they were
created under the general law pertaining to drainage districts, formerly
article 8097, et seq., now incorporated in Chapter 56 of the Texas Water
Code.

Section 56.082 provides that

> (a)  Except as otherwise provided in this chapter,
> the commissioners court has exclusive jurisdiction to
> hear and determine
>
>> (1)  contests and objections to creating a district;
>> (2)  matters relating to creating a district; and
>> (3)  all proceedings of a district after it is organized.
>
> (b)  The commissioners court may adjourn a hearing
> from day to day, and the judgment of the commissioners
> court rendered under Subsection (a) of this section is final.

Although this section gives the commissioners court some authority over the proceedings of a drainage district, we believe the language and context of the statute indicate that this authority is primarily judicial rather than administrative.

The statutes do not set forth the duties and powers of the drainage district board. However they do provide under 56.069 as follows:

> (a) The functions, powers, rights, and duties exercised by or relating to the board of any district may be transferred to the commissioners court of the county in which the district is wholly located, but before the transfer is made, the commissioners court and the board must pass resolutions authorizing the transfer.
>
> (b) After the transfer is made, the commissioners court shall be the sole governing body of the district and shall exercise the functions, powers, rights, and duties transferred.
>
> (c) The members of the commissioners court are not entitled to receive any compensation for the exercise of these functions, powers, rights, and duties.

By implication, in the absence of such a transfer the Commissioners' Court is not the sole governing body of the district and the Board thereof has functions, powers, rights and duties which it may exercise or which relate to it. One of those powers and duties, we believe, is the power and duty to prepare, approve and amend the budget of the district. The act referring to drainage districts does not expressly deal with authority to prepare, approve, and amend budgets for drainage districts. However, we think this power is within the implied powers of the Board as being reasonably necessary to make effective the powers expressly granted. And see, Texas Water Code, sections 56.126, 56.112, 56.001(b).

In the absence of a lawfully authorized transfer of power, we find no authority for the Commissioners' Court of Jefferson County to prepare, approve or amend the budgets of drainage districts. It is elementary that the authority and power of commissioners' courts is limited to that given by the Constitution or lawfully delegated to such courts by the Legis-

lature. Attorney General Opinion H-412 (1974). Nowhere in the statutes pertaining to drainage districts does there appear to be any attempt to give the Commissioners' Court any such authority, even though the Commissioners' Court is given certain duties with respect to drainage districts.

Accordingly, in the absence of express statutory authority or authority necessarily implied, it would appear that the Commissioners' Court has no authority to prepare, approve, and amend the budgets of these drainage districts.

### SUMMARY

The Commissioners' Court of Jefferson County has no authority to prepare, approve, or amend the budgets of Jefferson County Drainage Districts No. 3, 6 and 7.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee