### SMITH v. TARRANT COUNTY.
#### No. 4098.

Court of Civil Appeals of Texas. Texarkana.
Dec. 12, 1931.

Rehearing Denied Dec. 17, 1931.

500

Otis Rogers and Cantey, Hanger & Mc-Mahon, all of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, and Kearby & Terry, for appellee.

WILLSON, C. J. (after stating the case as above).

It seems the action of the trial court in sustaining the demurrer to the petition was on the theory that the road being, admittedly, a part of the state highway system, appellant was without authority to construct it, and hence could not be liable for the damages appellant sought to recover.

In its brief appellee says: "But for the legal incidents of the Act of 1917 creating the State Highway Commission, a State Highway System, and providing for the designation, construction and maintenance thereof by such Commission, and the various Acts amendatory thereof and in effect at the time the matters here involved transpired, appellee would be compelled to confess that the court erred in sustaining its demurrer to appellant's petition." In view of that statement, we think it is not necessary for this court in disposing of the appeal to do more than look to the "legal incidents" of said act of 1917, as amended, pointed out by appellee in its brief, and determine the effect of same.

One of those incidents, appellee insists, was "to strip (quoting) the Counties of this State of any authority to lay out, contract for the construction, to construct or maintain, any public road comprising a portion of the State Highway System either in their own rights or as agents for the State of Texas, except in the specific instances and strictly in keeping with the provisions of said Act." If such was the effect of the act and amendments thereof, of course the ruling of the trial court was not erroneous, for if appellee could not lawfully construct the highway it was not liable to appellant for the damages he sought to recover against it. 5 C. J. 569; Harris County v. Gerhart, 115 Tex. 449, 283 S. W. 139; Jones County v. Moore (Tex. Civ. App.) 4 S.W.(2d) 289.

But as we construe the statutes, appellee could lawfully have constructed the part of the highway on which appellant alleged his property abutted. R. S. 1925, art. 2351, subd. 3; 19 Vernon's Ann. Civ. Stats.

arts. 6674c, 6674d, and article 6674n, as amended by Acts 1929, 41st Leg., 3d C. S., p. 243, chap. 10, § 1, Acts 1930, 41st Leg.. 5th C. S., p. 243, chap. 79, § 1 (Vernon's Ann. Civ. St. art. 6674n). By article 6674c cited a county was "authorized to aid the construction and maintenance of any section or sections of a macadamized, graveled or paved road or turnpike * * * constituting a part of the State Highway System and to enter into contracts or agreements with the State Highway Department for that purpose." In article 6674d, following a provision for further improvement of the highway system with federal aid and without federal aid, was a declaration as follows: "No further improvement of said system shall be made under the direct control of the commissioners' court of any county unless and until the plans and specifications for said improvement have been approved by the State Highway Engineer." And article 6674n contains provisions as follows: "Any Commissioners' Court is hereby authorized to secure by purchase or by condemnation on behalf of the State of Texas any new or wider right-of-way or land or lands for material or borrow pits, to be used in the construction, reconstruction, or maintenance of state highways, and to pay for same out of the county road and bridge fund, or out of any special road funds or any available county funds. The State Highway Commission shall be charged with the duty of furnishing to the county commissioners' court the plats or field notes of such right-of-way or land and the description of such materials as may be required, after which the commissioners' court may, and is hereby authorized to purchase or condemn same, with title to the State of Texas, in accordance with such field notes." We think the Legislature meant by the parts of the statutes quoted to authorize counties through commissioners' courts to secure a right of way for a state highway and to construct the road thereon, and that the only limitation placed on the exercise of the authority conferred was that it should be after the court had entered into a contract or agreement with the state highway department for that purpose and after it (the court) had been furnished with plans and specifications for the improvements to be made.

As we view it, the petition stated a cause of action in appellant's favor against appellee which was not affected by the admission that the road was a part of the state highway system, and it was error to sustain the general demurrer. Therefore the judgment will be reversed, and the cause will be remanded to the court below for a new trial.