## IVERSON et ux. v. DALLAS COUNTY.

### No. 12238.

Court of Civil Appeals of Texas. Dallas.

Oct. 9, 1937.

Iverson & Cunningham, of Dallas, for appellants.

Guy L. Mann, E. G. Moseley, and Harold McCracken, all of Dallas, for appellee.

**256**

BOND, Chief Justice.

This appeal is from a judgment sustaining a general demurrer to plaintiffs' petition and dismissing the suit. Plaintiffs alleged that they were the owners of certain described land lying in Dallas County, and that the commissioners' court of Dallas County was desirous of securing a portion of said land along and adjacent to state highway No. 1, commonly known as the Fort Worth pike, to be used by the State of Texas for right of way purposes, for the improving and widening of said state highway, and in accordance with a contract Dallas County had with the State of Texas and its Highway Commission, in pursuance of article 6674c, R.S.1925 (Acts 1925, c. 186, § 3), and articles 6674d, 6674n (Acts 1925, c. 186, § 4 [Vernon's Ann.Civ. St. art. 6674d] and section 14, as amended by Acts 1929, 3d Called Sess., c. 10) that on May 11, 1932, Dallas County, acting through its then authorized agent, Forest L. Park, made and entered into a verbal contract with plaintiffs, whereby .98 acres of land was conveyed to said county, in consideration that the county would construct the improvements on said highway to a "city grade." A deed was executed and delivered to said county, reciting the consideration of "$1.00 and other valuable consideration," which consideration appellant alleged to be the laying out and construction of the highway on and to the city grade, and in accordance with said verbal agreement of said agent. Appellant further alleged that the county accepted the deed and appropriated the property for the improvement of said highway with knowledge of said agreement, and has ratified the action of its said agent, and that the highway has been improved, widened, and its course altered by the State Highway Department, resulting in a deviation from the plan agreed upon, the road being put to the level of a "road grade," with wide and deep ditches 458 feet in length, running on either side of the road the full length of plaintiffs' property, varying in depth from 3½ to 5 feet, and causing damage to plaintiffs' remaining property in the sum of $3,000.

There is no allegation that the failure of the deed to recite the consideration alleged was due to any fraud, accident, or mistake, and no allegation that the commissioners' court of Dallas County had made and entered on the minutes of said court an order authorizing Forest L. Park to make such contract for and on behalf of the county; and no allegation that the county itself constructed such improvement or ditches alleged.

Manifestly, appellants' petition was fashioned after the one recited in the case of Smith v. Tarrant County, 44 S.W.2d 499, opinion by the Texarkana Court of Civil Appeals, in which the court held that the petition in that case stated a cause of action in the plaintiffs' favor and against Tarrant County, which was not affected by the admission in the record that the road was a part of the State Highway System. We are not in accord with that holding.

■ If the applicable statutes authorize individual counties of this State to lawfully construct, alter, change, or improve state highways, then the county, guilty of a breach of contract which it could lawfully perform, undoubtedly, would be liable for the resulting damages for the breach. On the other hand, if the county was without authority to make such improvements on designated state highways, it could not lawfully contract with reference thereto and, consequently, would not be liable for failure to perform an unauthorized undertaking. This calls for a consideration of the acts of the Legislature in creating the State Highway Department.

■ The Acts of the 35th Legislature (Acts 1917, c. 190) and the amendments thereto attempt to set up a complete uniform system of state highways in the State. Article 6673 of the Rev.Civ.Stats.1925, together with subsequent enactments (article 6673a) affecting state highways (Vernon's Ann.Civ.St. arts. 6673, 6673a), authorize the State Highway Commissioners to take over state highways; and, we think, stripped the counties of this State of any authority to let contracts for the construction or maintenance of any public road comprising a portion of the State Highway System, either in their own name or as agents for the State of Texas, except in the specific instances and strictly in keeping with the provisions of such acts.

Article 6674b, Vernon's Ann.Civ.St., coordinates all state highways of the State into one general system, providing that, "All highways in this State included in the plan providing a system of State Highways as prepared by the State Highway Engineer in accordance with Section 11 of Chapter 190 of the General Laws of the Regular Session of the Thirty-fifth Legislature are

hereby designated as the 'State Highway System.'"

Article 6674c (Acts 1925, c. 186, § 3) provides that the commissioners' court of each county may aid in the construction and maintenance of any section or sections of macadamized, graveled, or paved roads in said county, constituting a part of the State Highway System, and may enter into contracts with the State Highway Department for that purpose.

Article 6674d, Vernon's Ann.Civ.St. provides that all construction, reconstruction, or maintenance, or partial construction, reconstruction, or maintenance, and all necessary plans and surveys preliminary thereto of said State Highway System, with federal aid, shall be made under the exclusive and direct control of the State Highway Department, and all improvements of said system, without federal aid, may be made by the State Highway Department, either with or without county aid.

Article 6674f (Acts 1925, c. 186, § 6) provides that the total cost of all state highway improvements, made with county aid, shall be paid out of the State Highway Fund; that the county or road district in which any such improvements may be made shall reimburse said fund in such amount and in such proportion to the total cost of improvement as may be agreed upon between the State Highway Department, and the county court of said county.

Article 6674g (Acts 1925, c. 186, § 7) provides that any county aid shall be paid to the State Highway Department for deposit in the State Treasury to the credit of the State Highway Fund. It shall be paid by warrants issued by the county clerk and countersigned by the county judge, and approved by the commissioners' court upon accounts of the State Highway Department certified by the State Highway Engineer.

Article 6674n (Acts 1925, c. 186, § 14, as amended by Acts 1929, 3d Called Sess., c. 10) provides. as follows: "Whenever, in the judgment of the State Highway Commission, the use of any timber, earth, stone, gravel, or other material, convenient to any road being constructed or maintained under the provisions of this Act will facilitate such construction or maintenance or whenever in the judgment of said commission it is necessary or expedient to construct or reconstruct any such road over a new or wider right of way, the State Highway Commission shall have the right to use any such materials most convenient to such roads and to acquire such land or lands for the public use and benefit as may be necessary for the new or wider right of way. In such cases the owner of such materials or land shall be paid therefor out of the State Highway Fund. Provided, that should the owner of such land or materials and the State Highway Commission fail to agree upon the amount to be paid therefor, then the Attorney General at the request of the State Highway Commission shall proceed to condemn the same for and on behalf of the State of Texas in the same manner as near as may be that Commissioners' Courts of certain counties may condemn materials under the provisions of articles 6894 and 6895, Title 119, Revised Statutes, 1911, such condemnation proceedings to be held in the county in which such material or land so to be condemned may be situated. The highway Commission's portion of the expense of such proceedings shall be paid out of the State Highway Fund."

In the case of Heathman v. Singletary, 12 S.W.2d 150, 153, Judge Sharp for the Commission of Appeals said: "It is further held that the commissioners' courts of the state never exercise any jurisdiction over the highways except by virtue of the laws of the state, as enacted by the Legislature, and that since article 5 sec. 18, of the Constitution, conferring on the county commissioners jurisdiction over all county business, does not, in terms, confer on that body power over county roads, the Legislature has the authority to take away the jurisdiction once conferred upon commissioners' courts over public highways of the state and transfer it to another agency. This the law has done as to state highways." So, also, is the holding in Wilbarger County et al. v. Hall, 55 S.W.2d 797, opinion by Judge Short, for the Commission of Appeals, to the effect that the State Highway Commission and not the counties are liable for damages to private property in the construction and maintenance of the state highways, and that all improvements of state highways, under title 116, chapter 1, Rev.Stats.1925 (article 6663 et seq.) shall be made under the exclusive and direct control of the State Highway Department.

To conclude that the Legislature ever intended that the various counties of this State should have any authoritative

258

voice in building and constructing state and federal highways, except to lend aid in securing right of way and contributing funds for such construction, as authorized in the above statutes, would necessarily result in the conclusion that there would be no uniform system of roads in this State. It appears from the above statutory provisions and citation of authorities, individual counties of the State have no right or power to construct and maintain state highways, and, having no authority, are not liable for damages resulting from a breach of an unauthorized contract. 5 C.J. 569; Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139; Jones County v. Moore (Tex.Civ.App.) 4 S.W.2d 289.

Appellants having alleged that they suffered damages by reason of the method employed in the construction of a state highway, and the exclusive jurisdiction over state highways having been placed in the State Highway Department, by statutory provision, the contract alleging that Dallas County agreed to exercise such right and power through the commissioners' court of said county, the damages resulting from the breach of such unauthorized undertaking are not recoverable, whether such contract be expressed or implied. The county could not contract away the right of the State to construct the road in question in such manner as it saw fit. The judgment of the lower court is affirmed.

Affirmed.