THE ATTORNEY GENERAL
OF TEXAS
Gerald C. Mann
ATTORNEY GENERAL



Hon. Brady Gentry, Chairman       Opinion No. O-4254
State Highway Commission          Re: Whether or not it is manda-
Austin, Texas                         tory for State Highway Commission
                                      to accept funds tendered it under
                                      the County and District Road Bond
Dear Sir:                             Assumption Law.

          We acknowledge receipt of your request on the ques-
tion herein stated. Your request is as follows:

          "Reference is made to paragraph 4 of Section
6-A, Acts of the First Called Session of the 47th
Legislature, and particularly to that part of
paragraph 4 which reads:

          "'**** and where such bonds or warrants were
voted prior to January 2, 1939 and prior to the
designation of the road as a State Highway and
which have not yet been issued or expended, the
county or defined road district may issue such
bonds or warrants or other legal evidence of in-
debtedness and place the proceeds in escrow with
the State Highway Commission for the construction
of such road under plans, contracts, specifica-
tions and supervision of the State Highway Depart-
ment, and when so expended the bonds, warrants or
other evidences of indebtedness shall be eligible
to participate in the County and Road District
Highway Fund the same as if the bonds had been is-
sued and expended prior to January 2, 1939****'

          "From the above wording, it will be seen that
under certain conditions therein outlined, county
funds may be expended by the State Highway Depart-
ment on designated State Highways, after which the
county bonds, warrants and other legal evidences
of indebtedness become eligible for participation
in the county and road district Highway Fund. The
references to the Highway Commission and Highway
Department have raised in our minds the following
questions, on which we would be pleased to have
your opinion: First, does the act require the
Highway Commission to accept all funds coming within

the paragraph referred to which may be tendered
to it by counties, and expend such funds in the
construction of the designated roads, or does
the act confer upon the Highway Commission the
discretion to determine which, if any, county
funds will be accepted and expended and which
shall not be accepted and expended?"

The answer to your request necessarily depends upon
whether or not the quoted portions of the County and District
Road Bond Assumption Law is an expressed grant to the counties
of the power to determine when, where and how State Highways
shall be constructed. This is true because if it is mandatory
that the State Highway Commission accept all funds tendered it
by the various counties such would be the necessary result.

The 38th Legislature of Texas authorized the State
Highway Commission to take over and maintain the various State
Highways. The effect of this Act was to vest in the State High-
way Commission all the power with reference to State Highways
that was formerly exercised by Commissioners' Courts. State
Highway Commission v. Humphreys, 58 S.W. (2d) 144. Therefore
the State Highway Commission has the sole power to determine
when and where highways will be located, (Mosheim v. Rollins,
79 S.W. (2d) 672, and City of Wichita Falls v. Real Estate
Trust, 135 S.W. (2d) 736), and the individual counties of the
State have no right or power to construct and maintain State
Highways. Iverson v. Dallas County, 110 S.W. (2d) 255.

The counties were permitted to aid in the construc-
tion of State Highways by the Acts of 1925, Article 6674c, Re-
vised Civil Statutes, but the 42nd Legislature, 3rd Called
Session, page 115, of the Acts of 1932, repealed said Article
and thereafter the counties could do nothing in regard to
State Highway construction, except procure rights-of-way under
Article 6674n, Revised Civil Statutes.

The portion of the enactment under consideration only
authorizes the counties to issue the bonds which were voted
prior to January 2, 1939, and prior to the designation of the
road as a State highway. It is a grant to the counties, whose
bonds will qualify, of the power to assist in highway construc-
tion subject to the plans, contracts, specifications and super-
vision of the State Highway Department.

From the time of the creation of the State Highway
Department it has always had complete and exclusive powers to

determine all questions relating to State Highway construction and we do not regard the enactment here in question as being a mandatory order to the State Highway Commission to accept the funds and build the highway authorized by the bond issue.

You are, therefore, advised that the State Highway Commission may determine which county funds it will accept and expend for State Highway Construction.

Trusting that the foregoing fully answers your inquire, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Richard H. Cocke
Richard H. Cocke, Assistant

APPROVED DEC 18, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

RHC:db:wb