GEORGE S. WALTON v. TRAVIS COUNTY.

No. 423.

**Fees of County Attorney — Liability of County.** — A county is not liable to the county attorney for fees in criminal cases prosecuted to conviction by him, where the convicts, being unable to pay, serve out the fine and costs by confinement in the county jail. So, also, although the county commissioners are chargeable with negligence in the matter; as counties are not liable for injuries resulting from the negligence of their officers or agents.

APPEAL from Travis. Tried below before Hon. JAMES H. ROBERTSON.

*Walton, Hill & Walton*, for appellant.—Article 3591, Revised Statutes, is absolutely mandatory, and does not allow the Commissioners Courts of the several counties of Texas any discretion as to whether or not the county convicts shall be put to work. It is a rule that admits of no other construction, and, for the purposes of this case, is not affected by the amendment to chapter 10, title 71, as amended by the Twenty-second Legislature. Plaintiff's petition set out the facts fully, and was good against a general demurrer, and was sufficient to sustain an action of quantum meruit.

1. The Commissioners Court of a county is not the agent of, but is in law and in fact the county, and can not be its own agent.

2. A county can be sued for the failure, refusal, or neglect of the Commissioners Court thereof, when the subject matter or thing which it fails, refuses, or neglects to do is in violation of a mandatory law.

3. The Commissioners Court of a county is the county, and is not an agent thereof. Rev. Stats., arts. 3591, 3595, 3600, 3601; Rev. Stats., chs. 9, 10, title 66.

*George Pendexter*, for appellee.—The court did not err in sustaining the general demurrer of appellee to appellant's petition, because the appellee was not liable to appellant for his fees as county attorney, although the

County Commissioners may have failed to do their duty, in not requiring the persons prosecuted to conviction by appellee to work out their fines and costs on the public works or poor farm of the county.   Rev. Stats., art. 3600; Hamilton County v. Mighels, 7 Ohio St., 109; 7 Am. and Eng. Encycl. of Law, 359, 401; Treadwell v. Commissioners, 11 Ohio St., 190; Hill v. City of Boston, 122 Mass., 344.

KEY, Associate Justice.—In this cause, appellant, formerly county attorney of Travis County, seeks a recovery for certain fees which accrued to him in criminal cases prosecuted by him during his incumbency of said office, and in which the defendants were convicted of misdemeanors, and were confined in the county jail until they were entitled to be discharged under certain provisions of the Code of Criminal Procedure. Appellant's petition, to which the District Court sustained a general demurrer, averred, among other things, that while said convicts were laying out their fines and costs in jail, the county had hired laborers at work on its farm, roads, bridges, and other public works, and expended over $20,000 thereon; that the Commissioners Court of said county had notice of the fact that the law required said court to work said convicts upon the county farm, roads, etc., but declined so to do, and permitted said convicts to remain in jail until their fines and costs were satisfied by imprisonment.

Conceding these facts to be true, is the county liable to appellant for his fees? This question must be answered in the negative. Statute law, in this State, authorizes the Commissioners Courts of the several counties to provide workhouses and county farms to utilize the labor of county convicts; declares that such convicts shall be put to work upon the public roads, bridges, or other public works, when their labor can not be utilized in the county workhouse or on the county farm; fixes the amount per day they shall be allowed for such labor, and provides that when they have so labored a sufficient time to satisfy their fines and costs, the county judge shall issue his warrant upon the county treasurer in favor of each officer for his costs.   Rev. Stats., arts. 3585, 3591, 3600.   But if it be conceded that it was the duty of the Commissioners Court to cause the convicts to labor on the public works, it does not follow that the county is liable to appellant for his fees.

There is no distinction in principle between this case and Heigel v. Wichita County, 84 Texas, 392. That was a suit for personal injuries caused by a defective bridge; and the opinion holds that while cities may be made to respond in damages for a failure to discharge corporate duties, counties can not, unless such liabilities are created by statute. The opinion cites many cases, and says: " It is apparent from the above citations that there is an overwhelming weight of authority in favor of the proposition that counties, as a rule, are not liable at common law for in-

juries resulting from the negligence of their officers or agents.''   It is for such negligence that appellant is attempting to hold Travis County liable in this suit.

The demurrer to his petition was properly sustained.

The judgment is affirmed.

*Affirmed.*

Delivered December 13, 1893.