### BRYAN v. LIBERTY COUNTY.　(No. 1571.)

Court of Civil Appeals of Texas. Beaumont.
Oct. 14, 1927.

1. **Counties** ⬅️146—County is not liable for injuries sustained because of negligence of its employees, unless statute creates such liability.

County is not liable in damages for personal injuries sustained by one in consequence of the negligent acts of its agents, servants, and employees, unless such liability is created by statute, either expressly or by implication.

2. **Counties** ⬅️146—Special road law held to contain nothing giving alleged county employee working on roads cause of action for negligence of fellow employee (Sp. Laws 37th Leg. 1st Called Sess. [1921] c. 16).

Sp. Laws 37th Leg. 1st Called Sess. (1921) c. 16, *held* not to give alleged employee of county, working on county bridges and roads, any cause of action for personal injury caused by the negligence of a fellow employee.

Error from District Court, Liberty County; Thos. B. Coe, Judge.

Suit by E. P. Bryan against Liberty County. Judgment for defendant, and plaintiff brings error. Affirmed.

O'Fiel & Reagan, of Beaumont, for plaintiff in error.

P. C. Matthews, of Liberty, for defendant in error.

HIGHTOWER, C. J. The plaintiff in error, E. P. Bryan, filed this suit in the district court of Liberty county against Liberty county to recover damages for personal injuries alleged to have been sustained by him in consequence of the negligence of an employee of Liberty county on the 7th day of December, 1923. It was alleged in plaintiff in error's petition, in substance, that at the time plaintiff in error was injured he was an employee of Liberty county, working as a member of a road and bridge crew, repairing the bridges and roads of Liberty county; that at the time he was injured he and his fellow employees and servants were unloading a car of timber from a railroad car, under the orders of a foreman, who was also an employee of Liberty county; that one of defendant in error's employees, under the order of the foreman, negligently threw and tilted a heavy timber from the car without notifying plaintiff in error and in such negligent manner as to cause the timber to fall and roll against plaintiff in error's leg, breaking the leg and injuring the ankle; that in consequence of such injuries plaintiff in error had suffered damages in the sum of $15,000, for which amount he prayed judgment.

Defendant in error answered by general demurrer and general denial. The court sustained the general demurrer, and from that action this writ of error is prosecuted.

[1] Plaintiff in error, among other things, in his petition alleged that at the time he sustained his injuries Liberty county was operating under a special road law enacted by the Thirty-Seventh Legislature at its first called session (Sp. Laws 1921, c. 16), and that under the terms of this special road law Liberty county was liable for the tortious and negligent acts and omissions on the part of its agents, servants, and employees. Plaintiff in error presents for our consideration only one proposition of law, which is, in substance, that, under the terms of the special road law under which Liberty county was acting at the time of the injury, the county was liable to him in damages for the negligence of the foreman, and that of his fellow employee, as pleaded in his petition. We do not understand counsel for plaintiff in error to contend that Liberty county would be liable in damages for the injury sustained by him unless such liability is found in the special road law under which the county was operating at the time of the injury. It has long been the law in Texas that a county is not liable in damages for personal injuries sustained by one in consequence of the tortious or negligent acts of its agents, servants, and employees, unless such liability be cre-

ated by statute, either in express terms or by implication. Heigel v. Wichita County, 84 Tex. 392, 19 S. W. 562, 31 Am. St. Rep. 63; Walton v. Travis County, 5 Tex. Civ. App. 525, 24 S. W. 352; Crause v. Harris County, 18 Tex. Civ. App. 375, 44 S. W. 616; Riley v. Coleman County (Tex. Civ. App.) 181 S. W. 743; Gerhart v. Harris County (Tex. Civ. App.) 244 S. W. 1103; Harris County v. Gerhart, 115 Tex. 449, 283 S. W. 139. All these authorities sustain the counter proposition advanced by defendant in error here that a county is not liable in damages for personal injuries negligently inflicted by the county's agents, servants, and employees, in the absence of a statute creating such liability in express terms or by implication.

[2] We find, in the brief of counsel for plaintiff in error, what purports to be a verbatim copy of the special road law under which Liberty county was operating at the time plaintiff in error received his injuries, and we have read the act very carefully, as copied in the brief, and have been unable to find a line, word, or syllable in the act creating liability against the county, in express terms or by implication, for personal injuries tortiously or negligently inflicted by any agent, servant, or employee of the county.

This being so, it follows that the trial court correctly sustained the general demurrer interposed by defendant in error, and the judgment must be affirmed.