

# OFFICE OF
# THE ATTORNEY GENERAL
### AUSTIN, TEXAS

*Overruled by M-726 where conflicts*

RICE DANIEL
TORNEY GENERAL

June 2, 1947

Hon. Wayne L. Hartman
County Attorney
DeWitt County
Cuero, Texas

Opinion No. V-232

Re: Authority of Commis-
sioners' Court to re-
fund attorney's fee
paid by a commis-
sioner in defense of
an action for damages.

Dear Mr. Hartman:

Your recent request for an opinion of this Department is substantially as follows:

"Several months ago a $40,000.00 damage suit was filed against the Commissioner of Precinct No. 1, DeWitt County, Texas, individually, for alleged negligence in failing to repair a county bridge located in his precinct, which negligence is alleged to have proximately caused the death of a school boy killed while traveling across said bridge. The bonding company which furnished said Commissioner's bond was joined in said suit. After said Commissioner had been duly served with process in said suit, he employed and paid attorneys to represent him in his individual defense, and also, in accordance with his contract with the bonding company, he employed and paid an attorney to represent the bonding company in its defense. Subsequently, by amended petition, DeWitt County, Texas was made a party defendant in said suit, and the Commissioners' Court employed the attorneys representing the said Commissioner of Precinct No. 1 individually and the attorney employed by him to represent the bonding company, to assist the County Attorney in defending the suit against DeWitt County.

"The said Commissioners' Court is now desirous of refunding to the Commissioner of Precinct No. 1, out of County funds, the sum he has paid to his attorneys and to the attorney for the bonding company, in addition to paying said same attorneys a fee for representing the County, if this can be legally done. . .

"1. In view of the fact that DeWitt County itself is now a party defendant in said suit, can the Commissioners' Court of DeWitt County legally refund to the Commissioner of Precinct No. 1, out of County funds, the sum he has paid his attorneys to represent him individually in said suit?

"2. In view of the fact that DeWitt County itself is now a party defendant in said suit, can the Commissioners' Court of DeWitt County legally refund to the Commissioner of Precinct No. 1, out of County funds, the sum he has paid an attorney to represent the bonding company, said payment having been made in accordance with said Commissioner's contract with said bonding company?"

Volume 11, Texas Jurisprudence, page 575, reads as follows:

"The commissioners' court has power to employ attorneys to assist the regular constituted officers of the county in the prosecution of its claims and suits, and to pay for such services out of the county funds. It seems, however, that the Commissioners' Court does not have the power to deprive the county attorney of his rightful authority in this regard. The employment of counsel is restricted to special cases where the services of an attorney are required; nor has the court power to make an order which will warrant the payment of county money to an attorney for services neither required nor performed. Adams vs. Seagler, 250 SW 413, Gibson vs. Davis, 236 SW 202, Terrell vs. Greene, 31 SW 631, Glooms vs. Atascosa County, 32 SW 188."

In the case of Bryan v. Liberty County, 299 S.W. 303, the Court stated as follows:

"It has long been the law in Texas that a county is not liable in damages for personal injuries sustained by one in consequence of the tortious or negligent acts of its agents, servants, and employees, unless such liability be created by statute, either in express terms or by implication. Heigel v. Wichita County, 84 Tex. 392, 19 S.W. 562, 31 Am. St. Rep. 63; Walton v. Travis County, 5 Tex. Civ. App. 525, 24 S.W. 352; Crause v. Harris County, 18 Tex. Civ. App. 375, 44 S.W. 616; Riley v. Coleman County (Tex. Civ. App.) 181 S.W. 743; Gerhart v. Harris County (Tex. Civ. App.) 244 S.W. 1103; Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139. All these authorities sustain the counter proposition advanced by defendant in error here that a county is not liable in damages for personal injuries negligently inflicted by the county's agents, servants, and employees, in the absence of a statute creating such liability in express terms or by implication."

This Department, in an opinion numbered O-4955, dated November 17, 1942, stated the rule in this manner:

". . . the Commissioners' Court has the power and authority to employ attorneys in the prosecution of its claims and suits and pay for such services out of the General Fund of the county where the county, as a whole, is interested and affected in such proceedings."

In your factual situation the Commissioner of Precinct No. 1, in defense of a negligence suit, employed counsel in his individual capacity to defend the same. Subsequently, the county was joined and retained the same counsel to assist the attorney for the State in the representation of the interests of the county. Applying the rule that a county is not liable for the tortious acts of its employees, your first question should be answered in the negative. Despite the fact that the county is later made a party to the lawsuit furnishes no legal basis for the refund of money paid by a commissioner in his indivi-

Hon. Wayne L. Hartman - Page 4

dual capacity. However, since the suit against the county affected the county as a whole, counsel may be employed and paid for by the county to assist the County Attorney.

In construing the authorities, the distinction is drawn between the commissioner on the one hand acting in his individual capacity and the Commissioners' Court acting in the interest of the county as a whole. Therefore, in view of this distinction and the fact that a county is not liable for the tortious acts of its employees, your second question should also be answered in the negative.

## SUMMARY

A county commissioner who is sued individually in a negligence action may not be reimbursed by the Commissioners' Court for attorney's fees expended by him. The Court may employ attorneys to defend a suit brought against the county and pay for such services out of the General Fund of the county where the county, as a whole, is interested and affected by such proceedings.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:djm

APPROVED:

ATTORNEY GENERAL