

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 29, 1952

Hon. Darwin L. Wilder          Opinion No. V-1439
County Attorney
Denton County                  Re:  Liability of a city and
Denton, Texas                       county for personal in-
                                    juries sustained by em-
                                    ployees of their hospital
                                    established and operated
                                    under Article 4494i, V.C.S.,
                                    when Workmen's Compensa-
                                    tion Insurance is not
Dear Sir:                           carried for them.

          The Board of Managers of the City-County
Hospital in Denton County created pursuant to Article
4494i, V.C.S., is contemplating cancelling Workmen's
Compensation Insurance for its employees.  You have
requested an opinion concerning the liability of the
city and county for damages in cases where an employee
of the hospital sustains personal injuries in the
course of his employment resulting in disability or
death, in the event the insurance is cancelled.

          Article 4494i, V.C.S., authorizes any county
of this State and any incorporated city or town with-
in such county to jointly establish, erect, equip,
maintain and operate a hospital or hospitals "for
the care and treatment of the sick, infirm, and/or
injured"; provides for a Board of Managers for the
hospital composed of seven members, three to be ap-
pointed by the commissioners' court of such county,
three to be appointed by the governing board of such
city or town, and one by such court and governing
body acting jointly; and prescribes their tenure
of office and duties.  Section 6 thereof provides:

          "The Commissioners Court of such county
     and the governing body of such city or town
     may contribute to the funds necessary for
     such hospital or hospitals in whatever pro-
     portion may be determined by them by agree-
     ment."

          A municipal corporation is a body politic

and corporate, a public corporation and political sub-
division of the State, even when incorporated under
the home rule amendment to the Constitution. 30 Tex.
Jur. 12-14, Municipal Corporations, Secs. 2, 3.

Counties are bodies politic and corporate.
Art. 1572, V.C.S. They are political subdivisions
which are created by the sovereign will for the pur-
pose of discharging the State's duties toward its in-
habitants, and are agencies or instrumentalities for
the administration of matters which are of the State.
11 Tex. Jur. 524, Counties, Sec. 2.

In Hodge v. Lower Colorado River Authority,
163 S.W.2d 855, 856 (Tex. Civ. App. 1942, error dism.
upon agreed motion), the court said:

"It seems now settled that a city is
immune from liability for torts of its agents
and employees when acting in a public or gov-
ernmental capacity; but liable where such
torts occur in the discharge of some function
private or proprietary in character. . . .
It is equally well settled, however, that a
county is a governmental agency and as such
is immune from liability for all torts, just
as is the State itself, unless such liability
is created by statute.[1] . . . Immunity from
liability is therefore referable not only
to the character of the function performed,
but also to the character of the corporation
itself, and the purposes for which it was
created."

In City of Wichita Falls v. Robison, 121
Tex. 133, 46 S.W.2d 965 (1932), the court held that
the city was not liable for personal injuries sus-
tained by an employee, while performing his duties,
caused by the negligent acts of its officers or agents
while discharging governmental functions of the city.

It has long been the law of this State that
a county is not liable in damages for personal injuries
sustained by its employees while in the performance of
their duties caused by the negligent or tortious acts

[1]Emphasis added throughout.

of its officers, agents, or servants, <u>unless liability be created by statute, either in express terms or by necessary implication.</u>  <u>Bryan v. Liberty County</u>, 299 S.W. 303 (Tex. Civ. App. 1927).

In <u>City of Dallas v. Smith</u>, 130 Tex. 225, 107 S.W.2d 872 (1937), the court held that since the State has by numerous statutes given to cities power to make rules and regulations to protect public health, to prevent spread of diseases, and to do all acts necessary for promotion of health and the suppression of disease, including the establishment and maintenance of hospitals, and, in the exercise of these powers, cities perform governmental functions as agencies of the State, they are not subject to be sued for any act or omission occurring in the exercise of such power, <u>unless suit is authorized by statute.</u>

The Legislature has not in Article 4494i, or any other statute, either in express terms or by necessary implication, provided that when a city and county jointly establish and maintain a hospital as provided therein, they shall be liable for damages for personal injuries sustained by their employees while in the performance of their duties in connection with such hospital caused by the negligent or tortious acts of their officers, servants or employees, or required them to carry Workmen's Compensation Insurance for such employees.  It necessarily follows that they may not be held liable for such damages.

## SUMMARY

An incorporated city and a county in jointly maintaining and operating a hospital under the provisions of Article 4494i, V.C.S.,

are not liable for damages for personal
injuries sustained by their employees,
while in the performance of their duties
in connection with such hospital, caused
by the negligence of their officers,
servants, or employees.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

BWB:mh

PRICE DANIEL
Attorney General

By

Bruce W. Bryant
Assistant