February 7, 2011

The Honorable Allan B. Ritter
Chair, Committee on Natural Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0841

Re: Whether a part-time municipal court judge may simultaneously serve as a member of the Board of Commissioners of the Jefferson County Drainage District No. 7 (RQ-0911-GA)

Dear Representative Ritter:

You ask several questions regarding a person's simultaneous service as an appointed part-time municipal court judge and as an elected commissioner on the Board of Commissioners of the Jefferson County Drainage District No. 7 ("District").[1] In addition to receiving compensation as municipal judge, the person about whom you inquire also receives compensation for serving as a commissioner of the District. See Request Letter at 1. Specifically, you ask the following questions:

> 1) Whether Article XVI, Section 40, Texas Constitution, prohibits an appointed, part-time Municipal Court Judge from also serving as an elected Commissioner to the Board of Commissioners of a drainage district[.] If not, whether the Judge may also receive compensation for his service as a Commissioner to the drainage district[.]
>
> 2) Whether the exceptions contained in Article XVI, Section 40, Texas Constitution, that reference in part "water conservation districts" also include drainage districts, such as Jefferson County Drainage District No. 7[.] Further, if a drainage district is not included in the definition of a "water conservation district" under the applicable law, what type of districts are covered by the exception provided for a "water conservation district?"
>
> 3) Whether the common[-]law doctrine of incompatibility has any impact upon the subject matter[.]

Request Letter at 2–3. We address your first two questions together.

---

[1]See Request Letter at 1 (available at www.texasattorneygeneral.gov).

Article XVI, section 40, Texas Constitution, provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). For purposes of this provision, a "civil office" is a "public office." *Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n.r.e.). An "emolument" is a "pecuniary profit, gain, or advantage." Tex. Att'y Gen. Op. No. GA-0132 (2003) at 1 (citing *Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944)).

This office has previously determined that a compensated municipal judge, whether full or part-time, holds a public office of emolument. *E.g.,* Tex. Att'y Gen. Op. Nos. GA-0199 (2004) at 2 (stating that a municipal judge is an officer, but that an uncompensated temporary municipal judge does not hold a civil office of emolument). A compensated part-time municipal court judge is therefore prohibited by article XVI, section 40 from holding any other office of emolument. *See* Tex. Att'y Gen. Op. No. DM-428 (1996) at 3.

As a member of a governing body of a political subdivision, a commissioner of a drainage district occupies a public office. *See* Tex. Att'y Gen. Op. No. JC-0455 (2002) at 3–4 (considering sovereign function test under Texas Supreme Court opinion *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955), and stating that "[a] member of the governing body of a political subdivision . . . clearly occupies an office"); *Jones v. Jefferson Cnty. Drainage Dist. No. 6*, 139 S.W.2d 861, 862 (Tex. Civ. App.—Beaumont 1940, writ ref'd) ("Drainage districts . . . are political subdivisions of the state of the same nature and stand upon exactly the same footing as counties, or precincts, or any of the other political subdivisions of the state."); *see also* Tex. Att'y Gen. Op. No. JM-1266 (1990) at 2 ("Elected officials are clearly officers."). Because the office of commissioner of the District is a compensated position, the office is one of emolument. Accordingly, pursuant to article XVI, section 40, a compensated part-time municipal court judge may not serve as a commissioner on the Board of Commissioners of a drainage district.

You suggest in your second question that the office of commissioner of a drainage district may be exempt from article XVI, section 40, because that provision exempts "water conservation district[s]" from its reach. Request Letter at 2. Section 40, however, does not exclude a "water conservation district" but rather a "soil and water conservation district." TEX. CONST. art. XVI, § 40. Opinions of this office have consistently concluded that a soil and water conservation district in article XVI, section 40 is a district created under chapter 201, Agriculture Code. *See e.g.,* Tex. Att'y Gen. Op. No. JC-0095 (1999) at 2–3 (and sources cited therein). In addition, this office has expressly determined that a director of a drainage district does not fall within the soil and water conservation district exception because "[d]rainage districts are created pursuant to chapter 56 of the Texas Water Code [and] [s]oil and water conservation districts" are created under chapter 201 of the Texas Agriculture Code. *Id.* at 2 (citing Tex. Att'y Gen. LA-150 (1978) at 1). A member of the Board of Commissioners of the District is not a director of a soil and water conservation district and thus not exempt from the operation of article XVI, section 40.

Because we have concluded that the Texas Constitution bars the simultaneous service about which you ask, we do not address your third question.

## S U M M A R Y

Texas Constitution, article XVI, section 40, prohibits a compensated part-time municipal court judge from simultaneously serving as a member of the Board of Commissioners of the Jefferson County Drainage District No. 7.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee